COPY

1 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
LORI A. BOWMAN CA Bar No. 114664
2 | lori.bowman@ogletreedeakins.com
BETH A. GUNN CA Bar No. 218889
3 | beth.gunn@ogletreedeakins.com
400 South Hope Street, Suite 1200
4 | Los Angeles, CA 90071
Telephone: 213.239.9800
5 | Facsimile: 213.239.9045

6 | VORYS, SATER, SEYMOUR AND PEASE LLP
ANDREW C. SMITH (*pro hac vice* to be filed)
7 | acsmith@vorys.com
JOHN L. LANDOLFI (*pro hac vice* to be filed)
8 | jllandolfi@vorys.com
52 East Gay Street, P.O. Box 1008
9 | Columbus, OH 43215
Telephone: 614.464.6400
10 | Facsimile: 614.646.6350

11 | Attorneys for Defendants Bath & Body Works
Direct, Inc. and Bath & Body Works, LLC
12 |

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

15 |

16 | ADAM JONES, individually as an
aggrieved employee and on behalf of
17 | other aggrieved employees,

18 | Plaintiff,

19 | v.

20 | BATH & BODY WORKS, INC., a
Delaware corporation; BATH & BODY
21 | WORKS DIRECT, INC., a Delaware
corporation; BATH & BODY WORKS,
22 | LLC, a Delaware limited liability
company; TURI ANN NYBO, an
23 | individual; and DOES 1 through 100,
inclusive,
24 |

25 | Defendants.

Case No. CV13-05206-FMO (AJW)

**CLASS ACTION**

**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Jurisdiction Under the Class Action Fairness Act of 2005

[28 U.S.C. §§ 1332, 1441, 1446, and 1453]

[Filed concurrently with: Notice of Related Cases; Certificate of Interested Parties; Declarations of Josephine Chan-Sze, Denise Slazyk and Beth Gunn; Civil Cover Sheet]

Complaint Filed: June 4, 2013

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 8 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# TABLE OF CONTENTS

                                                                                Page

I.      BACKGROUND................................................................................1

II.     THE REMOVAL IS TIMELY ......................................................2

III.    DEFENSES ........................................................................................2

IV.     THIS COURT HAS ORIGINAL SUBJECT MATTER
        JURISDICTION UNDER THE CLASS ACTION FAIRNESS
        ACT ....................................................................................................3

        A.   The Putative Class Size Exceeds 100 Individuals. ........................3

        B.   Minimal Diversity Exists Between the Parties. ..............................4

        C.   The Amount In Controversy Exceeds The $5,000,000
             Jurisdictional Minimum. ..................................................................7

             1.   Plaintiff Alleges Regular Violations of the
                  California Labor Code. .........................................................10

             2.   In Light Of Plaintiff's Allegations Of Routine
                  Violations Of The California Labor Code, The
                  Amount In Controversy Of His Claim for Waiting
                  Time Penalties Is Sufficient To Satisfy The CAFA
                  Jurisdictional Minimum.......................................................11

             3.   Additional Information Is Available To
                  Demonstrate That The Amount In Controversy
                  Exceeds The Jurisdictional Minimum If Required. ...........13

V.      COMPLIANCE WITH OTHER REMOVAL
        REQUIREMENTS .............................................................................15

VI.     CONCLUSION ..................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Bolton v. U.S. Nursing Corp.*,
  2012 WL 5269738 (N.D. Cal. Oct. 23, 2012) ............................................... 9, 12

*Campbell v. Vitran Exp., Inc.*,
  471 Fed. Appx. 646 (9th Cir. 2012) ......................................................... 8, 9, 11

*Chambers v. CVS Pharmacy, Inc.*,
  2009 WL 2579661 (S.D. Cal. Aug. 19, 2009) .................................................. 14

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ........................................................................... 4

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) ......................................................................... 14

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ....................................................................... 8, 14

*Hernandez v. Towne Park, Ltd.*,
  2012 WL 2373372 (C.D. Cal. June 22, 2012) ............................................. 12, 14

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) .................................................................................. 5, 7

*Jasso v. Money Mart Express, Inc.*,
  2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ............................................ 9, 11, 14

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ............................................................................ 7

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) .......................................................................... 7

*Lowdermilk v. U.S. Bank National Ass'n*,
  479 F.3d 994 (9th Cir. 2007) ............................................................................ 8

*Muniz v. Pilot Travel Ctrs. LLC*,
  2007 WL 1302504 (E.D. Cal. Apr. 30, 2007) ................................................... 9

*Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) .......................................................................................... 2

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) ............................................................................ 7

*Pineda v. Bank of America, N.A.*,
  50 Cal. 4th 1389 (2010) .................................................................................. 11

1  *Schiller v. David's Bridal, Inc.*,
      2010 WL 2793650 (E.D. Cal. July 14, 2010) ................................................ 3, 14
2
   *Std. Fire Ins. Co. v. Knowles*,
3      133 S. Ct. 1345 (U.S. 2013) ............................................................................ 8
4  *Urbino v. Orkin Servs. of Cal.*,
      882 F. Supp. 2d 1152 (C.D. Cal. 2011) ........................................................ 14
5
   *Valdez v. Allstate Ins. Co.*,
6      372 F.3d 1115 (9th Cir. 2004) ...................................................................... 9
7  STATUTES
8  28 U.S.C. § 84 ...................................................................................................... 15
9  28 U.S.C. § 1332 ........................................................................................ 3, 4, 7, 8
10 28 U.S.C. § 1441 .............................................................................................. 7, 15
11 28 U.S.C. § 1446 .................................................................................................... 2
12 28 U.S.C. § 1453 .................................................................................................... 3

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15504046_1.docx
DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

1  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

2  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3         PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446,

4  and 1453, Defendants Bath & Body Works Direct, Inc. and Bath & Body Works,

5  LLC ("BBW" or the "Company") (collectively "Defendants")[1] hereby remove the

6  above-captioned action from the Superior Court of the State of California, in and for

7  the County of Los Angeles, to the United States District Court for the Central

8  District of California.  This Court has original subject matter jurisdiction under the

9  Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453,

10 because minimal diversity exists, the number of putative class members exceeds 100,

11 and the amount in controversy exceeds $5 million.  Removal is proper on the

12 following grounds:

13 **I.      BACKGROUND**

14        1.    On June 4, 2013, Plaintiff Adam Jones ("Plaintiff" or "Jones") filed this

15 case in the Superior Court of California, County of Los Angeles, as a putative

16 representative action under the California Labor Code Private Attorneys General Act

17 of 2004, California Labor Code §§ 2698 *et seq.* ("PAGA").  On June 14, 2013,

18 Plaintiff, individually and behalf of similarly situated individuals, filed a First

19 Amended Class Action Complaint and Enforcement Action ("FAC") under

20 California Code of Civil Procedure section 382 and the PAGA.  The FAC is

21 captioned *ADAM JONES, individually, as an aggrieved employee and on behalf of*

22 *other aggrieved employees v. BATH & BODY WORKS, INC., a Delaware*

23 *corporation; BATH & BODY WORKS DIRECT, INC., a Delaware corporation;*

24 *BATH & BODY WORKS, LLC, a Delaware limited liability company; TURI ANN*

25

26 [1] Plaintiff also names "Bath & Body Works, Inc." as a Defendant.  However, on
27 June 1, 2006, Bath & Body Works, Inc. merged with and into Bath & Bath & Body
   Works, LLC, the successor entity.  Thus, there is no longer an entity known as Bath
28 & Body Works, Inc. *See* the concurrently-filed Declaration of Denise R. Slazyk
   (hereinafter "Slazyk Decl.") ¶ 9.

15504046_1.docx

1  *NYBO, an individual; and DOES 1 to 10, inclusive, Defendants*, Case No.

2  BC511003.  A copy of the Civil Cover Sheet, Summons, Complaint, and FAC are

3  attached hereto as Exhibit A.  (*See* Slazyk Decl. ¶ 10.)

4        2.      The FAC alleges eight causes of action against Defendants:  (1)

5  violation of California Labor Code sections 510 and 1189 (unpaid overtime) (FAC

6  ¶¶ 49-57); (2) violation of California Code sections 1194, 1197, and 1197.1 (unpaid

7  minimum wages) (FAC ¶¶ 58-62); (3) violation of California Labor Code sections

8  226.7 and 512(a) (unpaid meal period premiums) (FAC ¶¶ 63-70); (4) violation of

9  California Labor Code section 226.7 (unpaid rest period premiums) (FAC ¶¶ 71-77);

10  (5) violation of California Labor Code section 226(a) (non-compliant wage

11  statements) (FAC ¶¶ 78-83); (6) violation of California Labor Code sections 201 and

12  202 (wages not paid timely upon termination) (FAC ¶¶ 84-89); (7) violation of

13  California Labor Code sections 2698, *et seq.*("PAGA") (FAC ¶¶ 90-102); and (8)

14  violation of California Business & Professional Code sections 17200, *et seq*. (FAC

15  ¶¶ 103-106).

16  **II.    THE REMOVAL IS TIMELY**

17        3.      On June 18, 2013, Plaintiff served Defendants Bath & Body Works,

18  LLC and Bath & Body Works Direct, Inc. with a copy of the Civil Cover Sheet,

19  Summons, Complaint, and FAC.  (Slazyk Decl. ¶10.)  On or about June 25, 2013,

20  Plaintiff served Defendant Turi Ann Nybo with a copy of the Civil Cover Sheet,

21  Summons, Complaint, and FAC.  (Slazyk Decl. ¶ 11.)  As such, this Notice of

22  Removal is timely as it is being filed within thirty (30) days of the service upon

23  Defendants of a copy of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); *see*

24  *also Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)

25  (finding that the 30 day period to remove is triggered by the date of formal service of

26  process).

27  **III.   DEFENSES**

28        4.      The removal of this action to the Central District of California does not

15504046_1.docx

1    waive Defendants' ability to assert any defense to this action.

2    **IV.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

3    **UNDER THE CLASS ACTION FAIRNESS ACT**

4          5.    CAFA amended the diversity jurisdiction statute, 28 U.S.C. §1332, by

5    adding provisions that give federal courts original jurisdiction in class actions where

6    the following factors are met:

7                a.   There are at least 100 class members in all proposed plaintiff classes;

8                b.   The combined claims of all class members exceed $5 million

9                     exclusive of interest and costs; and

10               c.   Any member (named or not) it a citizen of a different state than any

11                    defendant.

12   28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

13         6.    CAFA defines a "class action" as "any civil action filed under Rule 23

14   of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

15   procedure authorizing an action to be brought by 1 or more representative persons as

16   a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this case as putative "class

17   action and enforcement action under California Civil Procedure Code section 382."

18   (FAC ¶ 1; *see also* FAC ¶¶ 20-27.) Accordingly, this case qualifies as a "class

19   action" under CAFA for removal purposes. *See, e.g., Schiller v. David's Bridal,*

20   *Inc.*, 2010 WL 2793650, *1-2 (E.D. Cal. July 14, 2010) (applying CAFA minimal

21   diversity and amount in controversy requirements to PAGA claims brought in a class

22   action).

23         **A.    The Putative Class Size Exceeds 100 Individuals.**

24         7.    Plaintiff defines the class as consisting of:  (1) All persons who are or

25   were employed by Defendants as non-exempt hourly-paid Sales Associates within

26   four years prior to the filing of this complaint until the date of certification ("Class")

27   (FAC ¶ 22); and a subclass of (2) All persons who are or were employed by

28   Defendants as non-exempt hourly-paid Sales Associates within one year prior to the

1  filing of this complaint until the date of certification ("Subclass") (FAC ¶ 23).

2  Plaintiff alleges that "the class is estimated to be greater than one hundred (100)

3  individuals." (FAC ¶ 27(a).) Moreover, BBW's records indicate that from June 4,

4  2010 through July 6, 2013, BBW employed approximately 12,971 individuals with

5  the job title "Sales Associate" in California (hereinafter "Sales Associate") who were

6  also terminated from employment with BBW during that time frame. (*See* the

7  concurrently-filed Declaration of Beth A. Gunn in support of Defendants' Notice of

8  Removal (hereinafter "Gunn Decl.") ¶ 7.) Thus, there are at least 12,971 individuals

9  in the putative class, which is significantly more than 100 class members required to

10  meet the numerosity requirement of CAFA.

11      **B.    Minimal Diversity Exists Between the Parties.**

12      8.    Jurisdiction under CAFA requires that minimal diversity exists between

13  the Defendants and all putative class members, which exists where "any member of a

14  class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §

15  1332(d)(2)(A). Here, the parties meet the diversity requirements of CAFA because

16  Defendants Bath & Body Works, LLC and Bath & Body Works Direct, Inc. are

17  citizens of Ohio and Delaware, and Plaintiff, as a member of the putative class, is a

18  citizen of California. (Slazyk Decl. ¶¶ 2-8; FAC ¶ 11.) Thus, one or more of the

19  members of the putative class are citizens of different states from Defendants Bath &

20  Body Works, LLC. and Bath & Body Works Direct, Inc.

21      9.    Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed the citizen

22  of any State and foreign state by which it has been incorporated and the State or

23  foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

24  Pursuant to 28 U.S.C. § 1332(d)(10), an unincorporated association is deemed a

25  citizen only of the state under whose laws it is organized and where it has its

26  principal place of business. *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th

27  Cir. 2009) (stating that an unincorporated association is a citizen of (1) the state

28  under whose laws it is organized or incorporated; and (2) the state of its "principal

4

1  place of business," with the state of the principal place of business being either

2  where a substantial predominance of corporate operations occur or where the

3  majority of the partnership's executive and administrative functions are performed).

4  A corporation's "'principal place of business' refers to the pace where the

5  corporation's high level officers direct, control, and coordinate the corporation's

6  activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct.

7  1181, 1192 (2010). The "nerve center" is normally where the corporation maintains

8  its headquarters. *Id.*

9      10.    Defendant Bath & Body Works, LLC, is a limited liability company

10  organized under the laws of the State of Delaware. (Slazyk Decl. ¶ 2.) Its principal

11  place of business is its headquarters in Reynoldsburg, Ohio, as that is the location

12  from which its officers direct, coordinate, and control its business operations. (*Id.*)

13  Human resource policies and procedures of Bath & Body Works, LLC are

14  established in Ohio. (*Id.*) The administration of BBW's benefits plans and payroll

15  activities are performed in Ohio. (*Id.*) The vast majority of the corporate books and

16  records of Bath & Body Works, LLC are maintained in Ohio. (*Id.*) Bath & Body

17  Works, LLC's core information and technology platforms, computer networking

18  systems, and operation centers are located in Ohio. (*Id.*) Bath & Body Works, LLC

19  is neither incorporated in California nor does it have a principal place of business in

20  California. (*Id.*)

21      11.    Defendant Bath & Body Works, LLC is wholly-owned by its sole

22  member, Limited Brands Store Operations, Inc. (*Id.* at ¶ 3.) Limited Brands Store

23  Operations, Inc. is a Delaware corporation with its principal place of business in

24  Columbus, Ohio. (*Id.*) Limited Brands Store Operations, Inc. is neither incorporated

25  in California nor does it have a principal place of business in California. (*Id.*)

26  Limited Brands Store Operations, Inc. is a wholly-owned subsidiary of Intimate

27  Brands Holding, LLC. (*Id.*) Intimate Brands Holding, LLC is a Delaware limited

28  liability company with its principal place of business in Columbus, Ohio. (*Id.* at ¶ 4.)

1  Intimate Brands Holding, LLC is neither incorporated in California nor does it have

2  a principal place of business in California. (*Id.*)  Intimate Brands Holdings, LLC is

3  wholly-owned by its sole member, Intimate Brands, Inc. (*Id.*)  Intimate Brands, Inc.

4  is a Delaware corporation with its principal place of business in Columbus, Ohio.

5  (*Id.* at ¶ 5.)  Intimate Brands, Inc. is neither incorporated in California nor does it

6  have a principal place of business in California. (*Id.*)  Intimate Brands, Inc. is a

7  wholly-owned subsidiary of L Brands, Inc. (*Id.*)  L Brands, Inc. is a Delaware

8  corporation with its principal place of business in Columbus, Ohio. (*Id.* at ¶ 6.)  L

9  Brands, Inc. is neither incorporated in California nor does it have a principal place of

10 business in California. (*Id.*)

11      12.     Bath & Body Works Direct, Inc. is a Delaware corporation. (Slazyk

12 Decl. ¶ 7.)  Its principal place of business is its headquarters in Reynoldsburg, Ohio,

13 as that is the location from which its officers direct, coordinate, and control its

14 business operations. (*Id.*)  Human resource policies and procedures of Bath & Body

15 Works Direct, Inc. are established in Ohio. (*Id.*)  The administration of Bath & Body

16 Works Direct, Inc.'s benefits plans and payroll activities are performed in Ohio.

17 (*Id.*)  The vast majority of the corporate books and records of Bath & Body Works

18 Direct, Inc. are maintained in Ohio. (*Id.*)  Bath & Body Works Direct, Inc.'s core

19 information and technology platforms, computer networking systems, and operation

20 centers are located in Ohio. (*Id.*)

21      13.     Bath & Body Works Direct, Inc. is neither incorporated in California

22 nor does it have a principal place of business in California. (Slazyk Decl. ¶ 7.)  Body

23 Works Direct, Inc. does not currently and has not employed anyone in the State of

24 California since at least 2004. (*Id.*)  Bath & Body Works Direct, Inc. is a wholly-

25 owned subsidiary of Intimate Brands Holding, LLC, which is a wholly-owned

26 subsidiary of Intimate Brands, Inc, which is a wholly owned subsidiary of L Brands,

27 Inc. (*Id.* at ¶ 8.)  Accordingly, Bath & Body Works, LLC and Bath & Body Works

28

6            Case No. _____

15504046_1.docx

1  Direct, Inc. are citizens of Delaware and Ohio for purposes of diversity jurisdiction.[2]

2  *See* 28 U.S.C. § 1332(c); *see also Hertz Corp.*, 130 S. Ct. at 1192.

3      14.    For diversity purposes, a person is a "citizen" of the state in which he is

4  domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

5  A person's domicile is the place he resides with the intention to remain or to which

6  she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

7  2001). Plaintiff Adam Jones is a resident of Dublin, California and a former

8  employee of BBW. (FAC ¶¶ 11, 30.) Members of the putative class, who are or

9  were employed in California, are presumed to be primarily citizens of the State of

10 California. Moreover, the majority of these putative class members have last known

11 addresses located within California. (*See* the concurrently-filed Declaration of

12 Josephine Chan-Sze in support of Defendants' Notice of Removal (hereinafter

13 "Chan-Sze Decl.") ¶ 6.) Therefore, at least one (and probably almost all) of the

14 members of this putative class are citizens of California, not Ohio or Delaware.

15     15.    Accordingly, the diversity of citizenship requirements under 28 U.S.C.

16 § 1332(d)(2) are met.

17     **C.    The Amount In Controversy Exceeds The $5,000,000 Jurisdictional**

18         **Minimum.**

19     16.    In order to remove a class action pursuant to CAFA, the aggregate

20 amount in controversy for all class members must exceed $5,000,000. 28 U.S.C. §

21 1332(d)(6). In the FAC, Plaintiff alleges that "the aggregate amount in controversy

22 for the proposed class action, including monetary damages, restitution, penalties,

23 injunctive relief, and attorneys' fees, is less than five million dollars." (FAC ¶ 4.)

24 Plaintiff also specifically stated that "Plaintiff reserves the right to seek a larger

25 amount based upon new and different information resulting from investigation and

26

27 [2] Defendant Turi Ann Nybo is a citizen of California. (FAC ¶ 15; Slazyk Decl., ¶
   11.) The citizenship of fictitiously-named "Doe" defendants is to be disregarded for

28 the purposes of removal. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors
   Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

Case No.

DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
                                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

1   discovery." (*Id.*)

2        17.   In *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994 (9th Cir.

3   2007), the Ninth Circuit held that in the CAFA context when a complaint

4   affirmatively alleges that the amount in controversy is less than the jurisdictional

5   threshold, the "party seeking removal must prove with legal certainty that CAFA's

6   jurisdictional amount is met." *Id.* at 1000.  However, earlier this year, in *Standard*

7   *Fire Insurance Co. v. Knowles*, 133 S. Ct. 1345, 1348, 1350 (U.S. 2013), the

8   Supreme Court instructed district courts to disregard non-binding statements by

9   plaintiffs limiting the amount in controversy and instead "determine whether it has

10  jurisdiction by adding up the value of the claim of each person who falls within the

11  definition of [the] proposed class and determine whether the resulting sum exceeds

12  $5 million." Thus, the "legal certainty" standard articulated in *Lowdermilk* is no

13  longer consistent with the directive of the Supreme Court.

14       18.   Moreover, in *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 647

15  (9th Cir. 2012), the Ninth Circuit called into question the applicability of the legal

16  certainty standard where a complaint alleges that less than $5,000,000 is in

17  controversy, and yet the Plaintiff still "tacitly admitted" that he will seek more than

18  the jurisdictional minimum at trial. *Id.* at 649 (deciding that, even under the legal

19  certainty standard, more than $5,000,000 was in controversy where the Complaint

20  alleged a "routine and consistent[]" practice of failing to provide meal and rest

21  breaks, accurate wage statements, and timely pay upon discharge).  Here, Plaintiff

22  alleges in the FAC that that "Plaintiff reserves the right to seek a larger amount based

23  upon new and different information resulting from investigation and discovery,"

24  tacitly admitting that the jurisdictional statement included in the FAC is not meant to

25  be binding. (FAC ¶ 4.)

26       19.   As a result, the "legal certainty" standard does not apply, and

27  Defendants need only show the that the amount in controversy "more likely than

28  not" exceeds the jurisdictional minimum. *See Guglielmino v. McKee Foods Corp.*,

1   506 F.3d 696, 699 (9th Cir. 2007) (internal citations omitted).

2        20.    Nonetheless, even under the "legal certainty" standard, the evidence

3   Defendants submit in support of the Notice of Removal, including multiple

4   declarations, regarding information kept in the regular course of business, and

5   reasonable calculations derived from the data therein, is sufficient to establish that

6   the amount in controversy exceeds $5,000,000. *See Campbell*, 471 Fed. Appx. at

7   647 (the legal certainty standard only requires that the party seeking removal

8   produce sufficient evidence "to estimate with certainty the actual amount in

9   controversy").   In determining the amount in controversy for CAFA, all potential

10  damages based on the claims in the complaint, as well as attorney's fees, are

11  included. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal.

12  Apr. 30, 2007) ("In measuring the amount in controversy, a court must assume that

13  the allegations of the complaint are true and that a jury will return a verdict for the

14  plaintiff on all claims made in the complaint."); *Jasso v. Money Mart Express, Inc.*,

15  2012 WL 699465, *4-6 (N.D. Cal. Mar. 1, 2012) (even under the legal certainty

16  standard, a court may accept as true all of the allegations contained in the complaint);

17  *accord Bolton v. U.S. Nursing Corp.*, 2012 WL 5269738, *7 (N.D. Cal. Oct. 23,

18  2012).   In addition to the contents of complaint and notice of removal, courts

19  consider "evidence relevant to the amount in controversy at the time of removal,"

20  such as declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

21  2004).

22       21.    The amount in controversy in this case clearly exceeds five million

23  dollars.  Plaintiff alleges eight causes of action and seeks recovery of wages,

24  premium payments, penalties, and attorneys' fees on behalf of a putative class of at

25  least 12,971 individuals. (Gunn Decl. ¶ 7.)  Indeed, Plaintiff's claim for waiting time

26  penalties alone exceeds the requisite amount in controversy. (*Id.* at ¶¶ 10, 11.)

27  Defendants have calculated the amount in controversy of the waiting time penalties

28

9

15504046_1.docx

1  sought in this action from a conservative analysis of the allegations in the FAC,[3] as

2  outlined below.  (*Id.*)

               1.     **Plaintiff Alleges Regular Violations of the California Labor Code.**

5       22.    In his First and Second Causes of Action, Plaintiff seeks to recover all

6  regular and overtime wages that were not paid to class members.  (FAC ¶¶ 49-62.)

7  Plaintiff alleges that he and putative class members were required to work "off-the-

8  clock" when "their shift was scheduled to end, even though they had to remain at the

9  store to complete closing duties such as cleaning." (FAC ¶¶ 55, 60.)  Plaintiff further

10 contends that "Defendants <u>regularly</u> failed to pay at least minimum wages to Plaintiff

11 and class members for all of the hours they worked." (FAC ¶ 60) (emphasis added).

12      23.    In his Third and Fourth Causes of Action, Plaintiff seeks to recover

13 wages for meal and rest period violations pursuant to California Labor Code sections

14 226.7 and 512(a).  (FAC ¶¶ 63-77; Prayer for Relief ¶¶ 16-27.)  Plaintiff alleges that

15 he and all putative class members were required to work during their meal periods,

16 did not receive required rest periods upon four hours of work, and were not properly

17 compensated for such missed meal and rest periods.  (*See* FAC ¶¶ 69, 76.)  Plaintiff

18 further alleges that BBW "did not schedule meal breaks for Plaintiff and class

19 members, and <u>often</u> did not take efforts to provide them with meal periods until they

20 had worked over five (5) hours in one day." (FAC ¶ 69) (emphasis added).  Plaintiff

21 also contends that BBW "had no policy or practice to pay premiums when Plaintiff

22 and class members suffered non-compliant meal [or rest] periods," and when rest

23 periods were missed, BBW "failed to pay Plaintiff and class members the full rest

24 period premium due . . . ." (FAC ¶¶ 69, 76.)

25

---

26 [3] Defendants provide the following calculations only to demonstrate that the amount
27 in controversy – based on Plaintiff's allegations alone – exceeds five million dollars.
   Defendants make no admission of liability or damages with respect to any aspect of
28 this case.  Nor do Defendants waive their right to ultimately contest the proper
   amount of damages due, if any, should Plaintiff prevail with any of his claims.

15504046_1.docx

24.     Where a plaintiff alleges a "'uniform policy and scheme' . . . one violation per week on each claimed basis is a sensible reading of the alleged amount in controversy." *Jasso*, 2012 WL 699465 at *5-6; *Campbell*, 471 Fed. Appx. at 647-49 (allegations of "routine," "consistent[]" or "regular" violations permitted the presumption, under the legal certainty standard, that a given violation occurred at least once each week). As set forth above, Plaintiff alleges routine, consistent, and regular violations in his First, Second, Third, and Fourth Causes of Action, making it reasonable to read the FAC as seeking to recover damages for at least one violation per putative class member per week for each of the claims.

**2.      In Light Of Plaintiff's Allegations Of Routine Violations Of The California Labor Code, The Amount In Controversy Of His Claim for Waiting Time Penalties Is Sufficient To Satisfy The CAFA Jurisdictional Minimum.**

25.     In his Sixth Cause of Action, Plaintiff seeks to recover wages and statutory penalties pursuant to California Labor Code section 203. (FAC ¶¶84-89; Prayer for Relief ¶¶ 33-37.) Section 203 provides that, if an employer willfully fails to pay all wages due at termination, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days continuation of wages. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398-99 (2010).

26.     Plaintiff alleges that all putative class members who were terminated during the applicable period did not receive payment of all wages upon termination. (FAC ¶ 40 ("Plaintiff and class members did not receive payment of all wages upon termination including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within the permissible time periods."); Prayer for Relief ¶ 33 ("Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay overtime wages, minimum wages, and meal and rest

11          Case No. _____

1   period premiums owed at the time of termination of the employment of Plaintiff and

2   other terminated class members").)  Moreover, viewing Plaintiff's FAC as a whole,

3   Plaintiff undoubtedly alleges that each putative class member was underpaid by

4   BBW in some way *at least once* during the applicable period.  (FAC ¶ 33 ("Plaintiff

5   ... alleges, that class members were not paid for all hours worked."); FAC ¶ 39

6   ("Plaintiff and class members did not receive payment of all wages including, but not

7   limited to, overtime wages, minimum wages, and meal and rest period premium

8   wages, within permissible time periods."); FAC ¶ 60 ("Defendants regularly failed to

9   pay at least minimum wages to Plaintiff and class members for all of the hours they

10   worked in violation of Labor Code sections 1194, 1197 and 1197.1"); *see also* FAC

11   ¶¶ 34-38, 55, 56, 67, 69, 76.)

12       27.    Accordingly, if the allegations of the FAC and Plaintiff's legal theories

13   are correct, any putative class member whose employment terminated more than 30

14   days ago is entitled to 30 days' continuation wages as a penalty under Labor Code

15   section 203.  Based on similar allegations, this Court determined that it was

16   reasonable to infer (under the legal certainty standard) "that each class member

17   suffered some form of Labor Code violation at some point during his or her

18   employment, and was thus entitled to waiting time penalties." *Hernandez v. Towne*

19   *Park, Ltd.*, 2012 WL 2373372, *12 (C.D. Cal. June 22, 2012).

20       28.    As set forth in *Bolton v. United States Nursing Corp.*, 2012 WL

21   5269738, *2, *6 (N.D. Cal. Oct. 21, 2012), an employer may establish the amount in

22   controversy for a waiting time penalty pursuant to California Labor Code Section

23   203 to a legal certainty by:  (1) assessing a minimum hourly rate based on the regular

24   rate applicable to putative class; (2) multiplying the hourly rate by the number of

25   average hours worked per shift; (3) multiplying that number by the minimum

26   number of days in the waiting time period; and (4) multiplying that number by the

27   number of putative class members.  Defendants exceeded this standard and

28   performed an individual assessment of each putative class member's waiting time

1  penalties as alleged by Plaintiff.

2         29.     There are approximately 12,971 hourly Sales Associates who were

3  employed by BBW in California at some point after June 4, 2010 and who separated

4  from employment with BBW on or before July 6, 2013 (Gunn Decl. ¶ 7.)  BBW

5  reviewed and provided its counsel with employment data related to these individuals.

6  (Gunn Decl. ¶ 3; *see also* Chan-Sze Decl. ¶¶ 2-3.)  In line with the inclusive pleading

7  in the FAC (which does not limit the number of class members who may be entitled

8  to waiting time penalties) as well as the Court's determination on nearly identical

9  pleadings in *Hernandez* (which permitted the assumption under the legal certainty

10 standard that at least one violation occurred for each class member during the

11 statutory period), Counsel calculated the minimum amount in controversy under this

12 claim as if each terminated employee was entitled to thirty days of waiting time

13 penalties.  (Gunn Decl. ¶¶ 8-10.)  Counsel did so by using the information provided

14 by BBW to calculate the average number of hours worked per shift for each

15 respective individual during the relevant period, and then multiplied that number by

16 that individual's hourly wage at termination, and then multiplied that number by

17 thirty.  (*Id.*)  For example, if a particular associate's average shift was 4 hours and

18 pay at termination was $10.00, the waiting time penalty would be $40 for each day,

19 and a total of thirty days would equal $1,200.  Counsel then added up the individual

20 waiting time penalties for the 12,971 separated associates, for an amount of

21 **$12,640,375** in controversy for the Sixth Cause of Action.  (*Id.*)

22             **3.     Additional Information Is Available To Demonstrate That**

23                     **The Amount In Controversy Exceeds The Jurisdictional**

24                     **Minimum If Required.**

25         30.     Defendants rely upon the reasonable and conservative calculation of

26 potential waiting time penalties available to putative class members to meet the

27 jurisdictional minimum pursuant to CAFA.  Defendants are capable, if necessary, of

28 providing additional calculations of potential amounts in controversy at stake for the

13

Case No.

DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

1  other claims in the action, as well as attorneys' fees, if required.  (Gunn Decl. ¶ 3.)

2  Based on this calculation, an extremely reasonable and conservative estimate of the

3  amount in controversy, based on the waiting time penalties alone, is at least

4  **$12,640,375**.  Although Defendants specifically deny Plaintiff's claims and deny

5  Plaintiff will recover any of the relief he seeks, it is clear from the scope of the relief

6  sought that the amount in controversy exceeds the $5,000,000.00 jurisdictional

7  threshold of 28 U.S.C. § 1332(d).  This amount does not include reasonable

8  estimates for the alleged overtime violations, meal and rest break violations, wage

9  statement penalties, PAGA penalties or potential attorneys' fees, all of which could

10 be included to reach the jurisdictional minimum amount in controversy required for

11 CAFA.  *See Jasso*, 2012 WL 699465 (assessing the amounts in controversy for

12 overtime violations, meal and rest period violations, wage statement penalties, and

13 attorneys' fees pursuant to the CAFA legal certainty test); *Hernandez*, 2012 WL

14 2373372 at *18 (determining that, in calculating the amount in controversy under

15 CAFA, PAGA penalties should be considered); *Urbino v. Orkin Servs. of Cal.*, 882

16 F. Supp. 2d 1152, 1163-64 (C.D. Cal. 2011) ("the amount in controversy in a PAGA

17 claim is predicated on the total amount of civil penalties sought by the aggrieved

18 employees."); *Schiller*, 2010 WL 2793650 at *8 (holding that "the amount in

19 controversy is calculated based upon the amount put into controversy by the

20 complaint, regardless of how the recovery is divided"); *Chambers v. CVS Pharmacy,*

21 *Inc.*, 2009 WL 2579661, * 2 (S.D. Cal. Aug. 19, 2009) ("Where a statutory authority

22 provides for attorneys' fees, the fees are included in the amount in controversy to

23 reach CAFA's $5,000,000."); *see also Guglielmino*, 506 F.3d at 701 (attorneys' fees

24 are included in determining amount in controversy in both 28 U.S.C. § 1332(a) and

25 CAFA removal actions); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th

26 Cir. 1998) (attorneys' fees are properly included in determining the amount in

27 controversy, regardless of whether they are mandatory or discretionary).

28

1  **V.   COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

2        31.    In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in

3  the District Court of the United States in which the action is pending.  The Superior

4  Court of California, County of Los Angeles, is located within the Central District of

5  California, Western Division.  28 U.S.C. § 84(c).  Therefore, venue following

6  removal is proper in this Court because it is the "district and division embracing the

7  place where such action is pending."  28 U.S.C. § 1441(a).

8        32.    As required by 28 U.S.C. § 1446, Defendants hereby provide this Court

9  with copies of all process, pleadings and orders received by Defendants in this action

10  (attached as Exhibit A).  Defendants have not received any pleadings, process or

11  orders besides those attached.

12        33.    As required by 28 U.S.C. § 1446(d), Defendants will promptly give

13  written notice of the filing to Plaintiff, and file a copy of the Notice with the clerk of

14  the Superior Court of the State of California, County of Los Angeles.

15  In the event this Court has a question regarding the propriety of this Notice of

16  Removal, Defendants request that the Court issue an Order to Show Cause, so that

17  Defendants may have an opportunity to address the Court's question.

18  **VI.   CONCLUSION**

19        Accordingly, Defendants remove the above-entitled action to this Court.

20

21  DATED:  July 18, 2013          OGLETREE, DEAKINS, NASH, SMOAK &
22                                 STEWART, P.C.

23

24                           By: _____

25                              Lori A. Bowman
26                              Beth A. Gunn
                              Attorneys for Defendants
27                              Bath & Body Works Direct, Inc. and Bath &
                              Body Works, LLC

28

15504046_1.docx

 CT Corporation

**Service of Process Transmittal**
06/18/2013
CT Log Number 522942733

TO:   Douglas Williams, Counsel
      L Brands, Inc.
      3 Limited Parkway
      Columbus, OH 43230-

RE:   **Process Served in California**

FOR:  Bath & Body Works, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Adam Jones, individually as an aggrieved employee and on behalf of other aggrieved employees, Pltf. vs. Bath & Body Works, Inc., etc., et al. including Bath & Body Works, LLC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Addendum and Statement, Enforcement Action, First Amended Class Action Complaint, Notice, Stipulations, Informal Discovery Conference, Stipulation and Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC511003 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Unpaid minimum wages, unpaid meal period premiums, non-compliant Wage Statements and Wages not timely paid upon termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/18/2013 at 15:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Raul Perez<br>Capstone Law APC<br>1840 Century Park East<br>Suite 450<br>Los Angeles, CA 90067<br>310-556-4811 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 796021979918<br>Image SOP<br>Email Notification, Jeanine Brown jeabrown@limitedbrands.com<br>Email Notification, Wendy Seckman wseckman@limitedbrands.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / JL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A, Page 16



SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 04 2013

John A. Clarke Executive Officer/Clerk
BY _____, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
BATH & BODY WORKS, INC., a Delaware corporation;
BATH & BODY WORKS DIRECT, INC., a Delaware corporation;
BATH & BODY WORKS, LLC, a Delaware limited liability company;
TURI ANN NYBO, an individual; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

ADAM JONES, individually as an aggrieved employee and on behalf of
other aggrieved employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del caso): BC511003 |

Los Angeles Superior Court, Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Raul Perez (174687), Capstone Law APC, 1840 Century Park East, Suite 450, LA, CA 90067, (310) 556-4811

| DATE: June 4, 2013 | John A. Clarke | Clerk, by | Ishoylia Chambers | , Deputy |
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
      BATH & BODY WORKS, LLC, a
      Delaware limited liability company
3. [X] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other (specify): LLC
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Raul Perez (SBN 174687) Capstone Law APC 1840 Century Park East, Suite 450 Los Angeles, California 90067 | CONFORMED COPY ORIGINAL FILED Superior Court of California County of Los Angeles |
| TELEPHONE NO.: (310) 556-4811   FAX NO.: (310) 943-0396 | JUN 04 2013 |
| ATTORNEY FOR *(Name):* Plaintiff ADAM JONES | John A. Clarke, Executive Officer/Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME: Jones v. Bath & Body Works, Inc., et al. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC511003 |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  One (1)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 4, 2013

Raul Perez
*(TYPE OR PRINT NAME)*                                      *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A, Page 18

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Jones v. Bath & Body Works, Inc., et al. | CASE NUMBER: BC511009 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

Exhibit A, Page 20

| SHORT TITLE: | Jones v. Bath & Body Works, Inc., et al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit A, Page 21

| SHORT TITLE: Jones v. Bath & Body Works, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ – Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ – Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ – Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Jones v. Bath & Body Works, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Bath & Body Works<br>2611 Stoneridge Mall Road<br>Pleasanton, California 94588 |
|---|---|
| CITY:<br>Pleasanton | STATE:<br>CA | ZIP CODE:<br>94588 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __June 4, 2013__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

Exhibit A, Page 23

1   Raul Perez (SBN 174687)
    Raul.Perez@capstonelawyers.com
2   Nathan Lowery (SBN 238141)
    Nathan.Lowery@capstonelawyers.com
3   Shooka Moallem (SBN 259106)
    Shooka.Moallem@capstonelawyers.com
4   Capstone Law APC
    1840 Century Park East, Suite 450
5   Los Angeles, California 90067
    Telephone:     (310) 556-4811
6   Facsimile:     (310) 943-0396

7   Attorneys for Plaintiff Adam Jones

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF LOS ANGELES    BC511003

11   ADAM JONES, individually as an          Case No.:
     aggrieved employee and on behalf of other
12   aggrieved employees,                    ENFORCEMENT ACTION UNDER THE
                                             PRIVATE ATTORNEYS GENERAL ACT,
13              Plaintiff,                    CALIFORNIA LABOR CODE §§ 2698 ET
                                             SEQ.
14       vs.
                                             (1) Violation of Labor Code §§ 2698, *et seq.*
15   BATH & BODY WORKS, INC., a                  ("PAGA")
     Delaware corporation; BATH & BODY
16   WORKS DIRECT, INC., a Delaware
     corporation; BATH & BODY WORKS,
17   LLC, a Delaware limited liability company;
     TURI ANN NYBO, an individual; and
18   DOES 1 through 100, inclusive,
                                             **Jury Trial Demanded**
19              Defendants.

20

21

22

23

24

25

26

27

28

COMPLAINT

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 04 2013

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy

1    Plaintiff Adam Jones ("Plaintiff"), individually and on behalf of all other aggrieved
2    employees as set forth herein, alleges as follows:

3                                    INTRODUCTION

4        1.    This is an enforcement action under the Labor Code Private Attorneys General
5    Act of 2004, California Labor Code section 2698 et seq. ("PAGA") to recover civil penalties,
6    wages, and all other available relief on behalf of Plaintiff, the State of California, and all other
7    employees of Defendants currently or previously employed in a non-exempt, hourly-paid
8    position by Defendants in California and who suffered one or more of the Labor Code
9    violations set forth in this complaint at any time between three years prior to the filing of this
10   complaint until judgment ("aggrieved employees").

11       2.    Defendants operate a chain of retail stores selling personal and bathroom
12   products such as soaps, lotions, facial treatments, candles and other similar products.

13       3.    As set forth more fully below, Defendants have violated various sections of the
14   California Labor Code and applicable Industrial Welfare Commission Wage Order including,
15   but not limited to, rest breaks, final pay, etc.

16                              JURISDICTION AND VENUE

17       4.    The civil penalties, wages and other remedies sought by Plaintiff exceed the
18   minimal jurisdiction limits of the Superior Court and will be established according to proof at
19   trial. Based upon information available at this time, Plaintiff alleges that the amount in
20   controversy for each Plaintiff, including claims for monetary damages, restitution, penalties,
21   wages, injunctive relief, and a pro rata share of attorneys' fees, is less than seventy-five
22   thousand dollars ($75,000).

23       5.    This Court has jurisdiction over this action pursuant to the California
24   Constitution, Article VI, section 10. The statutes under which this action is brought do not
25   specify any other basis for jurisdiction.

26       6.    This Court has jurisdiction over all Defendants because, upon information and
27   belief, Defendants are either citizens of California, have sufficient minimum contacts in
28   California, or otherwise intentionally avail themselves of the California market so as to render

Page 1
COMPLAINT

Exhibit A, Page 25

1  the exercise of jurisdiction over them by the California courts consistent with traditional

2  notions of fair play and substantial justice.

3       7.      Venue is proper in this Court because Defendants employ persons in this

4  county and thus a substantial portion of the transactions and occurrences related to this action

5  occurred in this county.  Moreover, none of the Defendants are residents of California and

6  thus the action may be tried in any county designated by Plaintiff. *See* Cal. Civ. Proc. Code §

7  395(a); *Easton v. Sup.Ct.* (Schneider Bros., Inc.) (1970) 12 Cal. App. 3d 243.

8       8.      California Labor Code sections 2699 *et seq.*, the "Labor Code Private Attorneys

9  Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil

10  penalties under the California Labor Code.

11       9.      On, April 29, 2013, Plaintiff timely provided notice of the facts and theories of

12  the Labor Code violations to the California Labor and Workforce Development Agency

13  ("LWDA") and to Defendants BATH & BODY WORKS, INC., and BATH & BODY

14  WORKS DIRECT, INC., pursuant to California Labor Code section 2699.3.

15       10.     On, May 1, 2013 Plaintiff timely provided notice of the facts and theories of the

16  Labor Code violations to the California Labor and Workforce Development Agency

17  ("LWDA") and to Defendant BATH & BODY WORKS LLC, pursuant to California Labor

18  Code section 2699.3.

19                          **THE PARTIES**

20       11.     Plaintiff ADAM JONES is a resident of Dublin, California.

21       12.     Defendant BATH & BODY WORKS, INC., was and is, upon information and

22  belief, a Delaware corporation and, at all times hereinafter mentioned, an employer whose

23  employees are engaged throughout this county, the State of California, or the various states of

24  the United States of America.

25       13.     Defendants BATH & BODY WORKS, LLC, was and is, upon information and

26  belief, a Delaware limited liability company and, at all times hereinafter mentioned, an

27  employer whose employees are engaged throughout this county, the State of California, or the

28  various states of the United States of America.

Page 2
COMPLAINT

1      14.    Defendant BATH & BODY WORKS DIRECT, INC., was and is, upon

2  information and belief, a Delaware limited liability company and, at all times hereinafter

3  mentioned, an employer whose employees are engaged throughout this county, the State of

4  California, or the various states of the United States of America.

5      15.    Defendant TURI ANN NYBO was and is, upon information and belief, an

6  individual residing in the state of California, and was the district manager for the retail store

7  location where Plaintiff worked.  Pursuant to California Labor Code section 558 and PAGA,

8  TURI ANN NYBO is named as a "person acting on behalf of an employer" who violated, and

9  caused to be violated, various sections of Division 2, Part 2, Chapter 1, and various sections of

10  the applicable Industrial Welfare Commission Order which regulate days and hours of work

11  by enforcing and/or implementing Defendants' policies and procedures.  Only civil penalties

12  and unpaid wages are sought against her pursuant to Labor Code section 558.

13      16.    Plaintiff is unaware of the true names or capacities of the Defendants sued

14  herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

15  amend the complaint and serve such fictitiously named Defendants once their names and

16  capacities become known.

17      17.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

18  acts and omissions alleged herein were performed by, or are attributable to, BATH & BODY

19  WORKS, INC., BATH & BODY WORKS, LLC, BATH & BODY WORKS DIRECT, INC.,

20  TURI ANN NYBO, and/or DOES 1 through 100 (collectively "Defendants"), each acting as

21  the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the

22  other co-Defendants and was acting within the course and scope of such agency, employment,

23  joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts

24  of any and all Defendants represent and were in accordance with Defendants' official policy.

25      18.    At all relevant times, Defendants, and each of them, ratified each and every act

26  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

27  and abetted the acts and omissions of each and all the other Defendants in proximately causing

28  the damages herein alleged.

COMPLAINT

19.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

### GENERAL ALLEGATIONS

20.    Defendants operate a chain of retail stores selling a variety of personal and bathroom products including soaps, lotions, facial products, etc.

21.    Defendants initially started their business in the Midwest region of the United States and now have locations across the United States as well as international locations with over one hundred locations in California alone.

22.    Defendants employed Plaintiff Adam Jones in a non-exempt, hourly-paid position from October 2010 to May 2012 at a Bath & Body Works store in Pleasanton, California.

23.    Defendants continue to employ persons in non-exempt, hourly-paid positions throughout California.

24.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

25.    Plaintiff is informed and believes, and thereon alleges, that aggrieved employees were not paid for all hours worked, because all hours worked were not recorded.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive at least minimum wages for compensation and that, in violation of the California Labor Code, they were not receiving at least minimum wages for work done off-the-clock.

COMPLAINT

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period, and that they did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when they did not receive a timely uninterrupted meal period.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when a rest period was missed, and that they did not receive all rest periods or payment of one (1) additional hour of pay at Plaintiff's and aggrieved employees' regular rate of pay when a rest period was missed.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to receive all reporting time pay when Defendants required Plaintiff and aggrieved employees were required to report to work but were put to work for less than half of their regular scheduled shift.  In violation of the California Labor Code, Plaintiff and aggrieved employees were not paid all reporting time pay.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and aggrieved employees were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and aggrieved employees did not receive payment of all wages, including, but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, within permissible time periods.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that formerly employed aggrieved employees were entitled to receive all wages upon termination, including, without limitation, minimum wages, overtime wages, and

Exhibit A, Page 29

1    meal and rest period premium wages.  In violation of the California Labor Code, Plaintiff and

2    aggrieved employees did not receive payment of all wages upon termination, including, but

3    not limited to, overtime wages, minimum wages, and meal and rest period premium wages,

4    within permissible time periods.

5           33.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

6    by Defendants.

7           34.    At all times herein set forth, PAGA provides that any provision of law under

8    the California Labor Code that provides for a civil penalty to be assessed and collected by the

9    LWDA for violations of the California Labor Code may, as an alternative, be recovered

10   through a civil action brought by an aggrieved employee on behalf of himself and other

11   current or former employees pursuant to procedures outlined in California Labor Code section

12   2699.3.

13          35.    Pursuant to PAGA, a civil action under PAGA may be brought by an

14   "aggrieved employee," who is any person that was employed by the alleged violator and

15   against whom one or more of the alleged violations was committed.

16          36.    Plaintiff was employed by Defendants and the alleged violations were

17   committed against him during his time of employment and he is, therefore, an aggrieved

18   employee.  Plaintiff and other employees are "aggrieved employees" as defined by California

19   Labor Code section 2699(c) in that they are all current or former employees of Defendants,

20   and one or more of the alleged violations were committed against them.

21          37.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

22   employee, including, may pursue a civil action arising under PAGA after the following

23   requirements have been met:

24                 (a)    The aggrieved employee shall give written notice by certified mail

25                        (hereinafter "Employee's Notice") to the LWDA and the employer of

26                        the specific provisions of the California Labor Code alleged to have

27                        been violated, including the facts and theories to support the alleged

28                        violations.

Page 6

COMPLAINT

(b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within thirty (30) calendar days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within thirty-three (33) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

38.    On April 29, 2013 Plaintiff provided written notice by certified mail to the LWDA and to employers BATH & BODY WORKS, INC. and BATH & BODY WORKS DIRECT, INC. of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.

39.    On May 1, 2013, Plaintiff provided written notice by certified mail to the LWDA and to employer BATH & BODY WORKS LLC of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, pursuant to California Labor Code section 2699.3.

40.    As of the filing date of this complaint, over 33 days have passed since Plaintiff sent the notices to the LWDA and Defendants as described above and the LWDA has not stated that it intends to investigate Plaintiff's claims.  Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties and unpaid wages against Defendants, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198.

///

///

///

# FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 2698, *et seq.*

### (Against all Defendants)

41.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

42.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.

43.    PAGA provides as follows, "[n]otwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

44.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a)    Violations of Labor Code sections 510 and 1198 for Defendants' failure to compensate Plaintiff and aggrieved employees with overtime wages for all hours worked in excess of eight in one day or forty in one week as set forth more fully below;

(b)    Violation of Labor Code sections 1194, 1197, and 1197.1 for Defendants' failure to compensate Plaintiff and all aggrieved employees with at least minimum wages for all hours worked as set forth more fully below;

(c)    Violation of Labor Code sections 226.7 and 512(a) for Defendants' failure to provide Plaintiff and other aggrieved employees with meal or rest periods or compensation in lieu thereof, as set forth more fully below;

(d)    Violation of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiff and other aggrieved employees as set forth more fully below;

COMPLAINT

Exhibit A, Page 32

1      (e)     Violation of Labor Code section 1198 and the applicable Industrial

2               Welfare Commission wage order for failing to pay reporting time pay

3               when Plaintiff and other aggrieved employees were put to work for less

4               than half of their regular scheduled shifts as set forth more fully below;

5      (f)     Violation of Labor Code section 204 for failure to pay all earned wages

6               owed to Plaintiff and other aggrieved employees during employment as

7               set forth more fully below; and

8      (g)     Violation of Labor Code sections 201, 202, and 203 for failure to pay all

9               unpaid wages upon termination as set forth more fully below.

10                         **FAILURE TO PAY OVERTIME**

11              **VIOLATION OF LABOR CODE SECTIONS 510 AND 1198**

12      45.     California Labor Code section 1198 makes it illegal to employ an employee

13 under conditions of labor that are prohibited by the applicable wage order. California Labor

14 Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

15 shall be the . . . standard conditions of labor for employees. The employment of any employee

16 . . . under conditions of labor prohibited by the order is unlawful."

17      46.     California Labor Code section 1198 and the applicable Industrial Welfare

18 Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

19 compensating them at a rate of pay either time-and-one-half or two-times that person's regular

20 rate of pay, depending on the number of hours worked by the person on a daily or weekly

21 basis.

22      47.     Specifically, the applicable IWC Wage Order provides that Defendants are and

23 were required to pay Plaintiff and aggrieved employees by Defendants, and working more

24 than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

25 and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

26 hours in a workweek.

27      48.     The applicable IWC Wage Order further provides that Defendants are and were

28 required to pay Plaintiff and aggrieved employees by Defendants, and working more than

COMPLAINT

Exhibit A, Page 33

1  twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

2  of pay.

3        49.   California Labor Code section 510 codifies the right to overtime compensation

4  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

5  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

6  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

7  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

8  of work.

9        50.   During the relevant time period, Plaintiff and other aggrieved employees

10  worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in

11  excess of forty (40) hours in a week.  Plaintiff and aggrieved employees worked off-the-clock

12  after their scheduled shifts ended as a result of Defendants' requirement that they clock out at

13  the time their shift was scheduled to end, but remain at the store to complete duties such as

14  store cleaning. Also, for closing shifts, Plaintiff and aggrieved employees were instructed to

15  clock out and wait until the closing procedures had been completed and the store locked

16  before they could leave. Although Defendants instructed Plaintiff and aggrieved employees to

17  continue working off-the-clock after, Plaintiff and aggrieved employees were not

18  compensated for this off-the-clock work. Because Plaintiff and aggrieved employees

19  sometimes worked shifts of eight hours in one day or forty hours in one week, some of this

20  off-the-clock work qualified for overtime payment.

21        51.   Defendants' failure to pay Plaintiff and aggrieved employees the unpaid

22  balance of overtime compensation, as required by California law, violates the provisions of

23  California Labor Code sections 510 and 1198, and is therefore unlawful.

24        52.   Pursuant to California Labor Code section 1194, Plaintiff and aggrieved

25  employees are entitled to recover their unpaid overtime compensation, as well as interest,

26  costs, and attorneys' fees.

27  / / /

28  / / /

Page 10

COMPLAINT

# FAILURE TO PAY MINIMUM WAGES

## VIOLATION OF LABOR CODE SECTIONS 1194, 1197 AND 1197.1

53.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

54.    As described above, Plaintiff and aggrieved employees worked off-the-clock as a result of Defendants' requirement that they clock out but continue to work or remain at the store off-the-clock.  To the extent the off-the-clock hours did not qualify for overtime payment, Plaintiff and aggrieved employees were not paid even minimum wages for this time. Also, Plaintiff and aggrieved employees were not paid even minimum wage for all of the hours they worked as a result of this off-the-clock.  Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff and aggrieved employees for all of the hours they worked in violation of California Labor Code sections 1194, 1197 and 1197.1.

55.    Defendants' failure to pay Plaintiff and aggrieved employees the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiff and aggrieved employees are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

56.    Pursuant to California Labor Code section 1194.2, Plaintiff and aggrieved employees are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FAILURE TO PROVIDE MEAL PERIODS

## VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512

57.    At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other aggrieved employees' employment by Defendants and each of them.

58.    At all relevant times herein set forth, California Labor Code section 226.7

Page 11

COMPLAINT

1   provides that no employer shall require an employee to work during any meal period
2   mandated by an applicable order of the California Industrial Welfare Commission (IWC).
3        59.   At all relevant times herein set forth, California Labor Code section 512(a)
4   provides that an employer may not require, cause, or permit an employee to work for a period
5   of more than five (5) hours per day without providing the employee with a meal period of not
6   less than thirty (30) minutes, except that if the total work period per day of the employee is
7   not more than six (6) hours, the meal period may be waived by mutual consent of both the
8   employer and the employee.
9        60.   During the relevant time period, Plaintiff and other aggrieved employees
10  scheduled to work for a period of time no longer than six (6) hours, and who did not waive
11  their legally mandated meal periods by mutual consent, were required to work for periods
12  longer than five (5) hours without a meal period of not less than thirty (30) minutes.
13       61.   Pursuant to the applicable Industrial Welfare Commission (IWC) Wage
14  Order(s) and California Labor Code section 226.7(b), Plaintiff and other aggrieved employees
15  are entitled to recover from Defendants one (1) additional hour of pay at the employee's
16  regular hourly rate of compensation for each work day that the meal period was not provided.
17       62.   During the relevant time period, Defendants willfully required Plaintiff and
18  aggrieved employees to work during meal periods and failed to compensate Plaintiff and
19  aggrieved employees for missed meal periods.  For example, Defendants did not schedule
20  meal breaks for Plaintiff and aggrieved employees and often did not take efforts to provide
21  them with meal periods until they had already worked over five hours in one day.  Moreover,
22  on those occasions when Plaintiff and aggrieved employees worked ten hours in a day or more
23  Defendants denied them second meal periods.  Defendants also had no policy or practice to
24  pay premiums when compliant meal periods were not provided.  Accordingly, Defendants
25  failed to pay Plaintiff and aggrieved employees the full meal period premiums due in violation
26  of the applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor
27  Code sections 226.7 and 512(a).
28       63.   Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

1   Order(s) and California Labor Code section 226.7(b), Plaintiff and other aggrieved employees

2   are entitled to recover from Defendants one (1) additional hour of pay at the employee's

3   regular hourly rate of compensation for each work day that the meal period was not provided.

### FAILURE TO PROVIDE REST PERIODS

### VIOLATION OF LABOR CODE SECTION 226.7

6        64.    At all relevant times herein set forth, the applicable IWC Wage Order and

7   California Labor Code section 226.7 were applicable to Plaintiff's and aggrieved employees'

8   employment by Defendants.

9        65.    At all relevant times, California Labor Code section 226.7 provides that no

10  employer shall require an employee to work during any rest period mandated by an applicable

11  order of the California IWC.

12       66.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

13  employer shall authorize and permit all employees to take rest periods, which insofar as

14  practicable shall be in the middle of each work period" and that the "rest period time shall be

15  based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

16  hours or major fraction thereof" unless the total daily work time is less than three and one-half

17  (3½) hours.

18       67.    Pursuant to the applicable IWC Wage Order and California Labor Code section

19  226.7(b), Plaintiff and aggrieved employees are entitled to recover from Defendants one (1)

20  additional hour of pay at the employee's regular hourly rate of compensation for each work

21  day that the rest period was not provided.

22       68.    During the relevant time period, Defendants required Plaintiff and aggrieved

23  employees to work four (4) or more hours without authorizing or permitting a ten (10) minute

24  rest period per each four (4) hour period worked.  As with meal periods, Defendants did not

25  schedule rest breaks and did not take sufficient efforts to provide Plaintiff and aggrieved

26  employees with compliant rest breaks but instead required Plaintiff and aggrieved employees

27  to miss all or part of their rest breaks in order to continue working.  Defendants also had no

28  policy and/or practice to pay a premium when rest periods were missed and thus failed to pay

1   Plaintiff and aggrieved employees the full rest period premium due in violation of California

2   Labor Code section 226.7 and the applicable Industrial Welfare Commission Wage Order.

3       69.   Pursuant to the applicable IWC Wage Order and California Labor Code section

4   226.7(b), Plaintiff and aggrieved employees are entitled to recover from Defendants one (1)

5   additional hour of pay at the employee's regular hourly rate of compensation for each work

6   day that the rest period was not provided.

7              FAILURE TO PROVIDE COMPLIANT WAGE STATEMENTS

8                 VIOLATION OF LABOR CODE SECTION 226(a)

9       70.   At all material times set forth herein, California Labor Code section 226(a)

10  provides that every employer shall furnish each of his or her employees an accurate itemized

11  wage statement in writing, including, but not limited to, the name and address of the legal

12  entity that is the employer, total hours worked, and all applicable hourly rates.

13      71.   Defendants have intentionally and willfully failed to provide employees with

14  complete and accurate wage statements. The deficiencies include, among other things, the

15  failure to state all hours worked as a result of not recording or stating the hours they worked

16  off-the-clock.

17      72.   As a result of Defendants' violation of California Labor Code section 226(a),

18  Plaintiff and aggrieved employees have suffered injury and damage to their statutorily

19  protected rights.

20      73.   Specifically, Plaintiff and aggrieved employees have been injured by

21  Defendants' intentional violation of California Labor Code section 226(a) because they were

22  denied both their legal right to receive, and their protected interest in receiving, accurate,

23  itemized wage statements under California Labor Code section 226(a). In addition, because

24  Defendants failed to provide the accurate number of total hours worked on wage statements,

25  Plaintiff has been prevented by Defendants from determining if all hours worked were paid

26  and the extent of the underpayment. Plaintiff has had to file this lawsuit, conduct discovery,

27  reconstruct time records, and perform computations in order to analyze whether in fact

28  Plaintiff was paid correctly and the extent of the underpayment, thereby causing Plaintiff to

1   incur expenses and lost time.  Plaintiff would not have had to engage in these efforts and incur

2   these costs had Defendants provided the accurate number of total hours worked.  This has also

3   delayed Plaintiff's ability to demand and recover the underpayment of wages from

4   Defendants.

5        74.    Plaintiff and aggrieved employees are entitled to recover from Defendants the

6   greater of their actual damages caused by Defendants' failure to comply with California Labor

7   Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

8   employee.

9                          FAILURE TO PAY REPORTING TIME PAY

10                         VIOLATION OF LABOR CODE SECTION 1198

11        75.    California Labor Code section 1198 makes it illegal to employ an employee

12   under conditions of labor that are prohibited by the applicable wage order.  California Labor

13   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

14   shall be the . . . standard conditions of labor for employees.  The employment of any employee

15   . . . under conditions of labor prohibited by the order is unlawful."

16        76.    The applicable wage order, California Code of Regulations, Title 8, section

17   11070(5)(A), provides that "[e]ach workday an employee is required to report for work and

18   does report, but is not put to work or is furnished less than half said employee's usual or

19   scheduled day's work, the employee shall be paid for half the usual or scheduled day's work,

20   but in no event for less than two (2) hours nor more than four (4) hours, at the employee's

21   regular rate of pay, which shall not be less than the minimum wage."

22        77.    Defendants violated California Labor Code section 1198 and California Code

23   of Regulations, Title 8, section 11070(5) because Defendants failed to pay Plaintiff and other

24   aggrieved employees reporting time pay when they reported for work and were immediately

25   dismissed or put to work for less than half their usual or scheduled day's work.  For instance,

26   Plaintiff would report to work based on the schedule that Defendant had provided to him but

27   when he arrived at work he would either immediately be sent home or would be sent home

28   before having worked half of his scheduled shift.  When this occurred, Defendants did not pay

1   him for at least half of his scheduled day's work. Accordingly, Plaintiff and aggrieved

2   employees were not properly compensated with reporting time pay in violation of California

3   Labor Code section 1198.

### FAILURE TO PAY WAGES UPON TERMINATION

### VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

6       78.     At all times herein set forth, California Labor Code sections 201 and 202

7   provide that if an employer discharges an employee, the wages earned and unpaid at the time

8   of discharge are due and payable immediately, and that if an employee voluntarily leaves his

9   or her employment, his or her wages shall become due and payable not later than seventy-two

10   (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

11   his or her intention to quit, in which case the employee is entitled to his or her wages at the

12   time of quitting.

13       79.     During the relevant time period, Defendants willfully failed to pay aggrieved

14   employees who are no longer employed by Defendants the earned and unpaid wages set forth

15   above, including but not limited to, overtime wages, minimum wages, and meal and rest

16   period premium wages, either at the time of discharge, or within seventy-two (72) hours of

17   their leaving Defendants' employ.

18       80.     Defendants' failure to pay those aggrieved employees who are no longer

19   employed by Defendants their wages earned and unpaid at the time of discharge, or within

20   seventy-two (72) hours of their leaving Defendants' employ, is in violation of California

21   Labor Code sections 201 and 202.

22       81.     California Labor Code section 203 provides that if an employer willfully fails

23   to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

24   shall continue as a penalty from the due date, and at the same rate until paid or until an action

25   is commenced; but the wages shall not continue for more than thirty (30) days.

26       82.     Aggrieved employees are entitled to recover from Defendants the statutory

27   penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a

28   thirty (30) day maximum pursuant to California Labor Code section 203.

COMPLAINT

1

### FAILURE TO PAY WAGES DURING EMPLOYMENT

2

### VIOLATION OF LABOR CODE SECTION 204

3      83.    California Labor Code section 204 requires that all wages earned by any person

4    in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

5    than those wages due upon termination of an employee, are due and payable between the 16th

6    and the 26th day of the month during which the labor was performed, and that all wages

7    earned by any person in any employment between the 16th and the last day, inclusive, of any

8    calendar month, other than those wages due upon termination of an employee, are due and

9    payable between the 1st and the 10th day of the following month.  California Labor Code

10   section 204 also requires that all wages earned for labor in excess of the normal work period

11   shall be paid no later than the payday for the next regular payroll period.  During the relevant

12   time period, Defendants failed to pay Plaintiff and aggrieved employees all wages due to

13   them, including, but not limited to, overtime wages, minimum wages, and meal and rest

14   period premium wages, within any time period specified by California Labor Code section

15   204.

16     84.    California Labor Code section 210 provides: "In addition to, and entirely

17   independent and apart from, any other penalty provided in this article, every person who fails

18   to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2,

19   205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial

20   violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each

21   subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for

22   each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

23     85.    Labor Code section 558(a) provides "[a]ny employer or other person acting on

24   behalf of an employer who violates, or causes to be violated, a section of this chapter or any

25   provision regulating hours and days of work in any order of the Industrial Welfare

26   Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty

27   dollars ($50) for each underpaid employee for each pay period for which the employee was

28   underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each

COMPLAINT

Exhibit A, Page 41

1  subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay

2  period for which the employee was underpaid in addition to an amount sufficient to recover

3  underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected

4  employee." Labor code section 558(c) provides "[t]he civil penalties provided for in this

5  section are in addition to any other civil or criminal penalty provided by law."

6       86.    Defendants, at all times relevant to this complaint, were employers or persons

7  acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees'

8  rights by violating various sections of the California Labor Code as set forth above.

9       87.    As set forth above, Defendants have violated numerous provisions of both the

10 Labor Code sections regulating hours and days of work as well as the applicable order of the

11 Industrial Welfare commission. Accordingly, Plaintiff seeks the remedies set forth in Labor

12 Code section 558 for himself, the State of California, and all other aggrieved employees.

13      88.    Pursuant to PAGA, and in particular California Labor Code sections 2699(a),

14 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general,

15 seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other

16 aggrieved employees, and the State of California against Defendants, in addition to other

17 remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a),

18 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198.

19                          **REQUEST FOR JURY TRIAL**

20      Plaintiff requests a trial by jury.

21                          **PRAYER FOR RELIEF**

22      Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

23 against Defendants, jointly and severally, as follows:

24      1.     For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

25 excess of twenty-five thousand dollars ($25,000).

26                      **As to the First Cause of Action**

27      2.     That the Court declare, adjudge and decree that Defendants violated the

28 following California Labor Code sections as to Plaintiff and aggrieved employees: 510 and

1198 (by failing to pay all overtime wages); 1194, 1197, and 1197.1 (by failing to pay at least minimum wages for all hours worked); 226.7 and 512(a) (by failing to provide meal or rest periods or compensation in lieu thereof); 226(a) (by failing to provide accurate wage statements); 1198 (by failing to pay reporting time pay); 201, 202, 203 (by failing to timely pay all unpaid wages upon termination), and 204 (by failing to timely pay all earned wages during employment).

3.      For civil penalties for conduct occurring any time between one year prior to the filing of this complaint and judgment, and unpaid wages for conduct occurring any time between three years prior to the filing of this complaint and judgment, pursuant to California Labor Code sections 2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, and 1198; and

4.      For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 4, 2013                     Respectfully submitted,

                                        Capstone Law APC

                                        By: _____
                                             Raul Perez
                                             Nathan Lowery
                                             Shooka Moailem

                                        Attorneys for Plaintiff Adam Jones

Exhibit A, Page 43

1  | Raul Perez (SBN 174687)
   | Raul.Perez@capstonelawyers.com
2  | Nathan Lowery (SBN 238141)
   | Nathan.Lowery@capstonelawyers.com
3  | Shooka Moallem (SBN 259106)
   | Shooka.Moallem@capstonelawyers.com
4  | Capstone Law APC
   | 1840 Century Park East, Suite 450
5  | Los Angeles, California 90067
   | Telephone:    (310) 556-4811
6  | Facsimile:    (310) 943-0396

7  | Attorneys for Plaintiff Adam Jones

**ORIGINAL FILED**

JUN 14 2013

LOS ANGELES
SUPERIOR COURT

8

9  | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES – CENTRAL CIVIL WEST

11

| | |
|---|---|
| 12  ADAM JONES, individually as an aggrieved employee and on behalf of others similarly situated, | Case No.: BC511003 |
| 13 | **FIRST AMENDED CLASS ACTION COMPLAINT AND ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.** |
| 14  Plaintiff, | |
| 15  vs. | |
| 16  BATH & BODY WORKS, INC., a Delaware corporation; BATH & BODY WORKS DIRECT, INC., a Delaware corporation; BATH & BODY WORKS, LLC, a Delaware limited liability company; TURI ANN NYBO, an individual; and DOES 1 through 100, inclusive, | (1)  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| 17 | (2)  Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); |
| 18 | (3)  Violation of California Labor Code §§ 226.7 & 512(a) (Unpaid Meal Period Premiums); |
| 19  Defendants. | (4)  Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |
| 20 | (5)  Violation of California Labor Code §226(a) (Non-Compliant Wage Statements); |
| 21 | (6)  Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); |
| 22 | (7)  Violation of Labor Code §§ 2698, *et seq.* ("PAGA"); and |
| 23 | (8)  Violation of California Business & Professions Code §§ 17200, *et seq.* |
| 24 | |
| 25 | |
| 26 | **Jury Trial Demanded** |

27
28

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

1   Plaintiff Adam Jones ("Plaintiff"), individually and on behalf of all other persons

2   similarly situated as set forth herein, alleges as follows:

3   ## INTRODUCTION

4   1.    This is a class action and enforcement action under California Civil Procedure

5   Code section 382 and the Labor Code Private Attorneys General Act of 2004, California

6   Labor Code section 2698 et seq. ("PAGA") to recover wages, civil penalties, and all other

7   available relief on behalf of Plaintiff, the State of California, and all other employees of

8   Defendants currently or previously employed in a non-exempt, hourly-paid position by

9   Defendants in California and who suffered one or more of the Labor Code violations set forth

10  in this complaint.

11  2.    Defendants operate a chain of retail stores selling personal and bathroom

12  products such as soaps, lotions, facial treatments, candles and other similar products.

13  3.    As set forth more fully below, Defendants have violated various sections of the

14  California Labor Code and applicable Industrial Welfare Commission Wage Order including,

15  but not limited to, rest breaks, final pay, etc.

16  ## JURISDICTION AND VENUE

17  4.    The monetary damages, wages and other remedies sought by Plaintiff exceed

18  the minimal jurisdiction limits of the Superior Court and will be established according to

19  proof at trial.  Based upon information available at this time, Plaintiff alleges that the amount

20  in controversy for each Plaintiff, including claims for monetary damages, restitution,

21  penalties, wages, injunctive relief, and a pro rata share of attorneys' fees, is less than seventy-

22  five thousand dollars ($75,000) and that the aggregate amount in controversy for the proposed

23  class action, including monetary damages, restitution, penalties, injunctive relief, and

24  attorneys' fees, is less than five million dollars ($5,000,000), exclusive of interest and costs.

25  Plaintiff reserves the right to seek a larger amount based upon new and different information

26  resulting from investigation and discovery.

27  5.    This Court has jurisdiction over this action pursuant to the California

28  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

1   specify any other basis for jurisdiction.

2       6.   This Court has jurisdiction over all Defendants because, upon information and

3   belief, Defendants are either citizens of California, have sufficient minimum contacts in

4   California, or otherwise intentionally avail themselves of the California market so as to render

5   the exercise of jurisdiction over them by the California courts consistent with traditional

6   notions of fair play and substantial justice.

7       7.   Venue is proper in this Court because Defendants employ persons in this

8   county and thus a substantial portion of the transactions and occurrences related to this action

9   occurred in this county. Moreover, none of the Defendants are residents of California and

10  thus the action may be tried in any county designated by Plaintiff. *See* Cal. Civ. Proc. Code §

11  395(a); *Easton v. Sup.Ct.* (Schneider Bros., Inc.) (1970) 12 Cal. App. 3d 243.

12      8.   California Labor Code sections 2699 *et seq.*, the "Labor Code Private Attorneys

13  Generals Act" ("PAGA"), authorizes aggrieved employees to sue directly for various civil

14  penalties under the California Labor Code.

15      9.   On, April 29, 2013, Plaintiff timely provided notice of the facts and theories of

16  the Labor Code violations to the California Labor and Workforce Development Agency

17  ("LWDA") and to Defendants BATH & BODY WORKS, INC., and BATH & BODY

18  WORKS DIRECT, INC., pursuant to California Labor Code section 2699.3.

19      10.  On, May 1, 2013, Plaintiff timely provided notice of the facts and theories of

20  the Labor Code violations to the California Labor and Workforce Development Agency

21  ("LWDA") and to Defendant BATH & BODY WORKS LLC, pursuant to California Labor

22  Code section 2699.3.

23                          **THE PARTIES**

24      11.  Plaintiff ADAM JONES is a resident of Dublin, California.

25      12.  Defendant BATH & BODY WORKS, INC., was and is, upon information and

26  belief, a Delaware corporation and, at all times hereinafter mentioned, an employer whose

27  employees are engaged throughout this county, the State of California, or the various states of

28  the United States of America.

1     13.     Defendants BATH & BODY WORKS, LLC, was and is, upon information and

2   belief, a Delaware limited liability company and, at all times hereinafter mentioned, an

3   employer whose employees are engaged throughout this county, the State of California, or the

4   various states of the United States of America.

5     14.     Defendant BATH & BODY WORKS DIRECT, INC., was and is, upon

6   information and belief, a Delaware limited liability company and, at all times hereinafter

7   mentioned, an employer whose employees are engaged throughout this county, the State of

8   California, or the various states of the United States of America.

9     15.     Defendant TURI ANN NYBO was and is, upon information and belief, an

10   individual residing in the state of California, and was the district manager for the retail store

11   location where Plaintiff worked.  Pursuant to California Labor Code section 558 and PAGA,

12   TURI ANN NYBO is named as a "person acting on behalf of an employer" who violated, and

13   caused to be violated, various sections of Division 2, Part 2, Chapter 1, and various sections of

14   the applicable Industrial Welfare Commission Order which regulate days and hours of work

15   by enforcing and/or implementing Defendants' policies and procedures.  Only civil penalties

16   and unpaid wages are sought against her pursuant to Labor Code section 558.

17     16.     Plaintiff is unaware of the true names or capacities of the Defendants sued

18   herein under the fictitious names DOES 1 through 100 but will seek leave of this Court to

19   amend the complaint and serve such fictitiously named Defendants once their names and

20   capacities become known.

21     17.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

22   acts and omissions alleged herein were performed by, or are attributable to, BATH & BODY

23   WORKS, INC., BATH & BODY WORKS, LLC, BATH & BODY WORKS DIRECT, INC.,

24   TURI ANN NYBO, and/or DOES 1 through 100 (collectively "Defendants"), each acting as

25   the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the

26   other co-Defendants and was acting within the course and scope of such agency, employment,

27   joint venture, or concerted activity with legal authority to act on the others' behalf.  The acts

28   of any and all Defendants represent and were in accordance with Defendants' official policy.

18.   At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

19.   Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

### CLASS ACTION ALLEGATIONS

20.   Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

21.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

22.   Plaintiff's proposed class consists of and is defined as follows:

All persons who are or were employed by Defendants as non-exempt hourly-paid Sales Associates within four years prior to the filing of this complaint until the date of certification ("Class").

23.   Plaintiff's proposed subclass consists of and is defined as follows:

All persons who are or were employed by Defendants as non-exempt hourly-paid Sales Associates within one year prior to the filing of this complaint until the date of certification ("Subclass").

24.   Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on discovery and specific theories of liability.

25.   Members of the Class and Subclass will be referred to hereinafter as "class members."

26.   There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)   Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

(b)  Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

(c)  Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and class members;

(d)  Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(e)  Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest periods without compensation;

(f)  Whether Defendants complied with wage reporting as required by California Labor Code section 226(a);

(g)  Whether Defendants failed to timely pay unpaid overtime wages, minimum wages, and meal and rest period premiums to Plaintiff and class members during their employment;

(h)  Whether Defendants failed to pay unpaid overtime wages, minimum wages, and meal and rest period premiums due to Plaintiff and class members upon their discharge;

(i)  Whether Defendants failed to pay Plaintiff and class members reporting time pay when they were put to work for less than half of their regular schedule;

(j)  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(k)  The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

27.  There is a well-defined community of interest in the litigation and the class

Page 5

1    members are readily ascertainable:

2            (a)   <u>Numerosity</u>:  The class members are so numerous that joinder of all

3                   members would be unfeasible and impractical.  The membership of the

4                   entire class is unknown to Plaintiff at this time; however, the class is

5                   estimated to be greater than one hundred (100) individuals and the

6                   identity of such membership is readily ascertainable by inspection of

7                   Defendants' employment records.

8            (b)   <u>Typicality</u>:  Plaintiff is qualified to, and will, fairly and adequately

9                   protect the interests of each class member with whom he has a well-

10                  defined community of interest, and Plaintiff's claims (or defenses, if

11                  any) are typical of all class members as demonstrated herein.

12           (c)   <u>Adequacy</u>:  Plaintiff is qualified to, and will, fairly and adequately

13                  protect the interests of each class member with whom he has a well-

14                  defined community of interest and typicality of claims, as demonstrated

15                  herein.  Plaintiff acknowledges that he has an obligation to make known

16                  to the Court any relationship, conflicts or differences with any class

17                  member.  Plaintiff's attorneys, the proposed class counsel, are versed in

18                  the rules governing class action discovery, certification, and settlement.

19                  Plaintiff has incurred, and throughout the duration of this action, will

20                  continue to incur costs and attorneys' fees that have been, are, and will

21                  be necessarily expended for the prosecution of this action for the

22                  substantial benefit of each class member.

23           (d)   <u>Superiority</u>:  The nature of this action makes the use of class action

24                  adjudication superior to other methods.   A class action will achieve

25                  economies of time, effort and expense as compared with separate

26                  lawsuits, and will avoid inconsistent outcomes because the same issues

27                  can be adjudicated in the same manner and at the same time for the

28                  entire class.

(e)   <u>Public Policy Considerations</u>:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

28.   Defendants operate a chain of retail stores selling a variety of personal and bathroom products including soaps, lotions, facial products, etc.

29.   Defendants initially started their business in the Midwest region of the United States and now have locations across the United States, as well as international locations with over one hundred locations in California alone.

30.   Defendants employed Plaintiff Adam Jones in a non-exempt, hourly-paid position from October 2010 to May 2012 at a Bath & Body Works store in Pleasanton, California.

31.   Defendants continue to employ persons in non-exempt, hourly-paid positions throughout California.

32.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were aware of the requirements of California law because they were advised by skilled lawyers, other professionals and advisors, all of whom are knowledgeable about California wage and hour laws, employment and personnel practices, and labor laws in general.

33.   Plaintiff is informed and believes, and thereon alleges, that class members were not paid for all hours worked, because all hours worked were not recorded.

34.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

Exhibit A, Page 51

1  should have known that Plaintiff and class members were entitled to receive certain wages for

2  overtime compensation and that they were not receiving certain wages for overtime

3  compensation.

4       35.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

5  should have known that Plaintiff and class members were entitled to receive at least minimum

6  wages for compensation and that, in violation of the California Labor Code, they were not

7  receiving at least minimum wages for work done off-the-clock.

8       36.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9  should have known that Plaintiff and class members were entitled to receive all meal periods

10  or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of

11  pay when they did not receive a timely uninterrupted meal period, and that they did not

12  receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class

13  members' regular rate of pay when they did not receive a timely uninterrupted meal period.

14       37.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

15  should have known that Plaintiff and class members were entitled to receive all rest periods or

16  payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay

17  when a rest period was missed, and that they did not receive all rest periods or payment of one

18  (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest

19  period was missed.

20       38.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21  should have known that Plaintiff and class members were entitled to receive all reporting time

22  pay when Defendants required Plaintiff and class members to report to work but were put to

23  work for less than half of their scheduled shift. In violation of the California Labor Code,

24  Plaintiff and class members were not paid all reporting time pay.

25       39.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26  should have known that Plaintiff and class members were entitled to timely payment of wages

27  during their employment. In violation of the California Labor Code, Plaintiff and class

28  members did not receive payment of all wages including, but not limited to, overtime wages,

1    minimum wages, and meal and rest period premium wages, within permissible time periods.

2        40.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

3    should have known that formerly employed class members were entitled to receive all wages

4    upon termination including, without limitation, minimum wages, overtime wages, and meal

5    and rest period premium wages. In violation of the California Labor Code, Plaintiff and class

6    members did not receive payment of all wages upon termination including, but not limited to,

7    overtime wages, minimum wages, and meal and rest period premium wages, within

8    permissible time periods.

9        41.    At all times herein set forth, PAGA was applicable to Plaintiff's employment

10    by Defendants.

11        42.    At all times herein set forth, PAGA provides that any provision of law under

12    the California Labor Code that provides for a civil penalty to be assessed and collected by the

13    LWDA for violations of the California Labor Code may, as an alternative, be recovered

14    through a civil action brought by an aggrieved employee on behalf of himself and other

15    current or former employees pursuant to procedures outlined in California Labor Code section

16    2699.3.

17        43.    Pursuant to PAGA, a civil action under PAGA may be brought by an

18    "aggrieved employee," who is any person that was employed by the alleged violator and

19    against whom one or more of the alleged violations was committed.

20        44.    Plaintiff was employed by Defendants and the alleged violations were

21    committed against him during his time of employment and he is, therefore, an aggrieved

22    employee. Plaintiff and other employees are "aggrieved employees" as defined by California

23    Labor Code section 2699(c) in that they are all current or former employees of Defendants,

24    and one or more of the alleged violations were committed against them.

25        45.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

26    employee, including Plaintiff, may pursue a civil action arising under PAGA after the

27    following requirements have been met:

28            (a)    The aggrieved employee shall give written notice by certified mail

Page 9

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

1    (hereinafter "Employee's Notice") to the LWDA and the employer of

2    the specific provisions of the California Labor Code alleged to have

3    been violated, including the facts and theories to support the alleged

4    violations.

5    (b)    The LWDA shall provide notice (hereinafter "LWDA Notice") to the

6    employer and the aggrieved employee by certified mail that it does not

7    intend to investigate the alleged violation within thirty (30) calendar

8    days of the postmark date of the Employee's Notice. Upon receipt of

9    the LWDA Notice, or if the LWDA Notice is not provided within thirty-

10    three (33) calendar days of the postmark date of the Employee's Notice,

11    the aggrieved employee may commence a civil action pursuant to

12    California Labor Code section 2699 to recover civil penalties in addition

13    to any other penalties to which the employee may be entitled.

14    46.    On April 29, 2013, Plaintiff provided written notice by certified mail to the

15  LWDA and to employers BATH & BODY WORKS, INC. and BATH & BODY WORKS

16  DIRECT, INC. of the specific provisions of the California Labor Code alleged to have been

17  violated, including the facts and theories to support the alleged violations, pursuant to

18  California Labor Code section 2699.3.

19    47.    On May 1, 2013, Plaintiff provided written notice by certified mail to the

20  LWDA and to employer BATH & BODY WORKS LLC of the specific provisions of the

21  California Labor Code alleged to have been violated, including the facts and theories to

22  support the alleged violations, pursuant to California Labor Code section 2699.3.

23    48.    As of the filing date of this amended complaint, over 33 days have passed since

24  Plaintiff sent the notices to the LWDA and Defendants as described above, and the LWDA

25  has not stated that it intends to investigate Plaintiff's claims. Thus, Plaintiff has satisfied the

26  administrative prerequisites under California Labor Code section 2699.3(a) to recover civil

27  penalties and unpaid wages against Defendants, in addition to other remedies, for violations of

28  California Labor Code sections 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512(a), 1194,

1 | 1197, 1197.1, and 1198.

2 | **FIRST CAUSE OF ACTION**

3 | Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime

4 | (Against BATH & BODY WORKS, INC., BATH & BODY WORKS DIRECT, INC.,

5 | BATH & BODY WORKS, LLC, and Does 1 Through 100)

6 | 49.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

7 | and every allegation set forth above.

8 | 50.    California Labor Code section 1198 makes it illegal to employ an employee

9 | under conditions of labor that are prohibited by the applicable wage order.  California Labor

10 | Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

11 | shall be the . . . standard conditions of labor for employees.  The employment of any employee

12 | . . . under conditions of labor prohibited by the order is unlawful."

13 | 51.    California Labor Code section 1198 and the applicable Industrial Welfare

14 | Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

15 | compensating them at a rate of pay either time-and-one-half or two-times that person's regular

16 | rate of pay, depending on the number of hours worked by the person on a daily or weekly

17 | basis.

18 | 52.    Specifically, the applicable IWC Wage Order provides that Defendants are and

19 | were required to pay Plaintiff and class members by Defendants, and working more than eight

20 | (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-

21 | half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in

22 | a workweek.

23 | 53.    The applicable IWC Wage Order further provides that Defendants are and were

24 | required to pay Plaintiff and class members by Defendants, and working more than twelve

25 | (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.

26 | 54.    California Labor Code section 510 codifies the right to overtime compensation

27 | at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

28 | in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

1  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

2  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

3  of work.

4        55.    During the relevant time period, Plaintiff and class members worked in excess

5  of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

6  (40) hours in a week. Plaintiff and class members worked off-the-clock after the end of their

7  shifts because Defendants required that they clock out exactly at the time their shift was

8  scheduled to end, even though they had to remain at the store to complete closing duties such

9  as cleaning. Further, Plaintiff and class members were instructed to first clock out, complete

10  the closing procedures and then wait until the store was locked before they could finally leave.

11  Although Defendants instructed Plaintiff and class members to continue working off-the-clock

12  even after the end of their scheduled shift, Plaintiff and class members were not compensated

13  for this off-the-clock work. Because Plaintiff and class members sometimes worked shifts of

14  eight hours in one day or forty hours in one week, some of this off-the-clock work qualified

15  for overtime payment.

16        56.    Defendants' failure to pay Plaintiff and class members the unpaid balance of

17  overtime compensation, as required by California law, violates the provisions of California

18  Labor Code sections 510 and 1198, and is therefore unlawful.

19        57.    Pursuant to California Labor Code section 1194, Plaintiff and class members

20  are entitled to recover their unpaid overtime compensation, as well as interest, costs, and

21  attorneys' fees.

22                            **SECOND CAUSE OF ACTION**

23        **Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages**

24        **(Against BATH & BODY WORKS, INC., BATH & BODY WORKS DIRECT, INC.,**

25                   **BATH & BODY WORKS, LLC, and Does 1 Through 100)**

26        58.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

27  and every allegation set forth above.

28        59.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1

Page 12

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

1  provide that the minimum wage for employees fixed by the Industrial Welfare Commission is

2  the minimum wage to be paid to employees, and the payment of a lesser wage than the

3  minimum so fixed is unlawful.

4      60.   As described above, Plaintiff and class members worked off-the-clock as a

5  result of Defendants' requirement that they clock out but continue to work or remain at the

6  store. To the extent the off-the-clock hours did not qualify for overtime payment, Plaintiff

7  and class members were not even paid minimum wages for this time. Also, Plaintiff and class

8  members were not even paid minimum wages for all of the hours they worked as a result of

9  this off-the-clock on a cumulative basis. Accordingly, Defendants regularly failed to pay at

10 least minimum wages to Plaintiff and class members for all of the hours they worked in

11 violation of California Labor Code sections 1194, 1197 and 1197.1.

12     61.   Defendants' failure to pay Plaintiff and class members the minimum wage as

13 required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those

14 sections, Plaintiff and class members are entitled to recover the unpaid balance of their

15 minimum wage compensation, as well as interest, costs, and attorney's fees.

16     62.   Pursuant to California Labor Code section 1194.2, Plaintiff and class members

17 are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid

18 and interest thereon.

19                    **THIRD CAUSE OF ACTION**

20          **Violations of California Labor Code, §§ 226.7 and 512(a)**

21   **(Against BATH & BODY WORKS, INC., BATH & BODY WORKS DIRECT, INC.,**

22          **BATH & BODY WORKS, LLC, and Does 1 Through 100)**

23     63.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

24 and every allegation set forth above.

25     64.   At all relevant times herein set forth, the applicable California Industrial

26 Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

27 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants

28 and each of them.

65. At all relevant times herein set forth, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission (IWC).

66. At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

67. During the relevant time period, Plaintiff and class members scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

68. Pursuant to the applicable Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each work day that the meal period was not provided.

69. During the relevant time period, Defendants willfully required Plaintiff and class members to work during meal periods, and failed to compensate Plaintiff and class members for missed meal periods. For example, Defendants did not schedule meal breaks for Plaintiff and class members, and often did not take efforts to provide them with meal periods until they had already worked over five (5) hours in one day. Moreover, on those occasions when Plaintiff and class members worked ten (10) hours in a day or more, Defendants denied them second thirty (30) minute meal periods. Defendants also had no policy or practice to pay premiums when Plaintiff and class members suffered non-compliant meal periods. Accordingly, Defendants failed to pay Plaintiff and class members the full meal period premiums due in violation of the applicable Industrial Welfare Commission (IWC) Wage Order(s), and California Labor Code sections 226.7 and 512(a).

1      70.     Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

2 Order(s) and California Labor Code section 226.7(b), Plaintiff and class members are

3 entitled to recover from Defendants one (1) additional hour of pay at the employee's regular

4 hourly rate of compensation for each work day that the meal period was not provided.

FOURTH CAUSE OF ACTION

Violation of California Labor Code § 226.7

(Against BATH & BODY WORKS, INC., BATH & BODY WORKS DIRECT, INC.,

BATH & BODY WORKS, LLC, and Does 1 Through 100)

9      71.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10 and every allegation set forth above.

11      72.     At all relevant times herein set forth, the applicable IWC Wage Order and

12 California Labor Code section 226.7 were applicable to Plaintiff's and class members'

13 employment by Defendants.

14      73.     At all relevant times, California Labor Code section 226.7 provides that no

15 employer shall require an employee to work during any rest period mandated by an applicable

16 order of the California IWC.

17      74.     At all relevant times, the applicable IWC Wage Order provides that "[e]very

18 employer shall authorize and permit all employees to take rest periods, which insofar as

19 practicable shall be in the middle of each work period" and that the "rest period time shall be

20 based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

21 hours or major fraction thereof" unless the total daily work time is less than three and one-half

22 (3½) hours.

23      75.     Pursuant to the applicable IWC Wage Order and California Labor Code section

24 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

25 additional hour of pay at the employee's regular hourly rate of compensation for each work

26 day that the rest period was not provided.

27      76.     During the relevant time period, Defendants required Plaintiff and class

28 members to work four (4) or more hours without authorizing or permitting a ten (10) minute

Page 15

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

1   rest period per each four (4) hour period worked.  As with meal periods, Defendants did not

2   schedule rest breaks, nor did they take sufficient efforts to provide Plaintiff and class members

3   with compliant rest breaks, but instead, required Plaintiff and class members to miss all or part

4   of their rest breaks in order to continue working.  Defendants also had no policy and/or

5   practice to pay a premium when rest periods were missed, and thus failed to pay Plaintiff and

6   class members the full rest period premium due in violation of California Labor Code section

7   226.7 and the applicable Industrial Welfare Commission Wage Order.

8         77.   Pursuant to the applicable IWC Wage Order and California Labor Code section

9   226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

10   additional hour of pay at the employee's regular hourly rate of compensation for each work

11   day that the rest period was not provided.

12   FIFTH CAUSE OF ACTION

13   Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

14   (Against BATH & BODY WORKS, INC., BATH & BODY WORKS DIRECT, INC.,

15   BATH & BODY WORKS, LLC, and Does 1 Through 100)

16         78.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17   and every allegation set forth above.

18         79.   At all material times set forth herein, California Labor Code section 226(a)

19   provides that every employer shall furnish each of his or her employees an accurate itemized

20   wage statement in writing including, but not limited to, the name and address of the legal

21   entity that is the employer, total hours worked, and all applicable hourly rates.

22         80.   Defendants have intentionally and willfully failed to provide employees with

23   complete and accurate wage statements.  The deficiencies include, among other things, the

24   failure to state all hours worked as a result of not recording or stating the hours they worked

25   off-the-clock.

26         81.   As a result of Defendants' violation of California Labor Code section 226(a),

27   Plaintiff and class members have suffered injury and damage to their statutorily protected

28   rights.

Page 16

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

1      82.   Specifically, Plaintiff and class members have been injured by Defendants'

2  intentional violation of California Labor Code section 226(a) because they were denied both

3  their legal right to receive, and their protected interest in receiving, accurate, itemized wage

4  statements under California Labor Code section 226(a). In addition, because Defendants

5  failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

6  been prevented by Defendants from determining if all hours worked were paid and the extent

7  of the underpayment. Plaintiff has had to file this lawsuit, conduct discovery, reconstruct time

8  records, and perform computations in order to analyze whether in fact Plaintiff was paid

9  correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

10  lost time. Plaintiff would not have had to engage in these efforts and incur these costs had

11  Defendants provided the accurate number of total hours worked. This has also delayed

12  Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

13      83.   Plaintiff and class members are entitled to recover from Defendants the greater

14  of their actual damages caused by Defendants' failure to comply with California Labor Code

15  section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

16  employee.

17                              **SIXTH CAUSE OF ACTION**

18      **Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon**

19                                **Termination**

20    **(Against BATH & BODY WORKS, INC., BATH & BODY WORKS DIRECT, INC.,**

21            **BATH & BODY WORKS, LLC, and Does 1 Through 100)**

22      84.   Plaintiff incorporates by reference and re-alleges as if fully stated herein each

23  and every allegation set forth above.

24      85.   At all times herein set forth, California Labor Code sections 201 and 202

25  provide that if an employer discharges an employee, the wages earned and unpaid at the time

26  of discharge are due and payable immediately, and that if an employee voluntarily leaves his

27  or her employment, his or her wages shall become due and payable not later than seventy-two

28  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

1   his or her intention to quit, in which case the employee is entitled to his or her wages at the

2   time of quitting.

3       86.   During the relevant time period, Defendants willfully failed to pay Plaintiff and

4   class members who are no longer employed by Defendants the earned and unpaid wages set

5   forth above including, but not limited to, overtime wages, minimum wages, and meal and rest

6   period premium wages, either at the time of discharge, or within seventy-two (72) hours of

7   their leaving Defendants' employ.

8       87.   Defendants' failure to pay Plaintiff and those class members who are no longer

9   employed by Defendants their wages earned and unpaid at the time of discharge, or within

10  seventy-two (72) hours of their leaving Defendants' employ, is in violation of California

11  Labor Code sections 201 and 202.

12      88.   California Labor Code section 203 provides that if an employer willfully fails

13  to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

14  shall continue as a penalty from the due date, and at the same rate until paid or until an action

15  is commenced; but the wages shall not continue for more than thirty (30) days.

16      89.   Plaintiff and class members are entitled to recover from Defendants the

17  statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up

18  to a thirty (30) day maximum pursuant to California Labor Code section 203.

19                           SEVENTH CAUSE OF ACTION

20                    Violation of California Labor Code §§ 2698, *et seq.*

21                            (Against all Defendants)

22      90.   Plaintiff incorporates by reference and re-allege as if fully stated herein each

23  and every allegation set forth above.

24      91.   California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover

25  civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code

26  section 2699.5.

27      92.   PAGA provides as follows, "[n]otwithstanding any other provision of law, a

28  plaintiff may as a matter of right amend an existing complaint to add a cause of action arising

Page 18

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT

1 under this part at any time within 60 days of the time periods specified in this part."

2   93. Defendants' conduct, as alleged herein, violates numerous sections of the

3 California Labor Code including, but not limited to, the following:

4     (a) Violation of Labor Code sections 510 and 1198 for Defendants' failure

5       to pay overtime wages to Plaintiff and aggrieved employees, as set forth

6       herein;

7     (b) Violation of Labor Code sections 1194, 1197, and 1197.1 for

8       Defendants' failure to compensate Plaintiff and other aggrieved

9       employees for all hours worked with at least minimum wages, as set

10       forth herein;

11     (c) Violation of Labor Code sections 226.7 and 512(a) for Defendants'

12       failure to provide Plaintiff and other aggrieved employees with meal

13       and rest periods or compensation in lieu thereof, as set forth herein;

14     (d) Violation of Labor Code section 226(a) for failure to provide accurate

15       wage statements to Plaintiff and other aggrieved employees as set forth

16       herein;

17     (e) Violation of Labor Code sections 201, 202, and 203 for failing timely to

18       pay all earned wages to Plaintiff and other aggrieved employees upon

19       discharge, as set forth herein;

20     (f) Violation of Labor Code section 204 for failing to pay all earned wages

21       owed to Plaintiff and other aggrieved employees during employment as

22       set forth more fully below; and

23     (g) Violation of Labor Code section 1198 and the applicable Industrial

24       Welfare Commission wage order for failing to pay reporting time pay

25       when Plaintiff and aggrieved employees were put to work for less than

26       half of their regular scheduled shifts as set forth more fully below.

27   94. California Labor Code section 204 requires that all wages earned by any person

28 in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

FIRST AMENDED CLASS ACTION AND PAGA COMPLAINT