OGLETREE, DEAKINS, NASH, SMOAK & STEWART P.C.
LORI A. BOWMAN (State Bar No. 114664)
BETH A. GUNN (State Bar No. 218889)
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-438-1296
Facsimile: 213-239-9045

VORYS, SATER, SEYMOUR AND PEASE LLP
ANDREW C. SMITH (admitted *pro hac vice*)
JOHN L. LANDOLFI (admitted *pro hac vice*)
52 East Gay Street, P. O. Box 1008
Columbus, OH 43215
Telephone: 614-464-6400
Facsimile: 614-646-6350

Attorneys for Defendants

Raul Perez (SBN 174687)
Raul.Perez@Capstonelawyers.com
Arnab Banerjee (SBN 252618)
Arnab.Banerjee@Capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Attorneys for Plaintiff Adam Jones

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JONES, individually as an aggrieved employee and on behalf of other aggrieved employees,<br><br>Plaintiff,<br><br>vs.<br><br>BATH & BODY WORKS, a Delaware corporation; BATH & BODY WORKS DIRECT, INC., a Delaware corporation; BATH & BODY WORKS, LLC, a Delaware limited liability company; TURI ANN NYBO, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: CV 13-5206 FMO (AJWx)<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: June 4, 2013<br>Trial Date: None<br>Dist. Judge: Hon. Fernando M. Olguin (Spring St.)<br>Courtroom: 22 – 5th Floor<br>Mag. Judge: Hon. Andrew J. Wistrich (Roybal)<br>Courtroom: 690 |

Based upon the Stipulated Protective Order submitted by the parties, and for good cause shown, the Court hereby ORDERS THAT:

**(1)** **Designation of Confidential Material**.  Any Party to this lawsuit (individually, a "Party," and collectively the "Parties") may designate any items or information produced by him or it, or produced by a non-party agent in possession of his or its information, regardless of the medium or manner in which they are generated, stored or maintained, including without limitation, documents, answers to interrogatories, deposition testimony, exhibits, electronically-stored information ("ESI"), as Confidential Information ("Confidential Information"), if such designating Party has a good faith belief that (i) the designated information constitutes, contains, and/or relates to a trade secret, as defined under California law, or other confidential research, development or commercial information as described in Fed.R.Civ.P. 26(c)(1)(G), (ii) the designated information is protected by law and/or contract, or (iii) information that a Party believes not to be in the public domain and reasonably believes contains confidential business or personal information such as Social Security Numbers, financial institution account numbers, and personal medical information,; and/or other similar information that a reasonable person or business would regard as personal and confidential.  Any "Confidential Information" so designated may only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except and may be otherwise provided for in this Protective Order.  Neither the existence of nor anything contained in this Protective Order shall alter or diminish the right of the Parties pursuant to federal or state law to protect the confidentiality or privacy of materials constituting and/or relating to personal information contained in business records.

**(2)** **Method of Confidential Information Designation**.  The designation of information as "Confidential Information" for purposes of this order shall be made as follows:

  (a) In the case of items or information in documentary form, including without limitation documents, answers to interrogatories, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof, exhibits thereto), by stamping each page of such "Confidential Information" with "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.

  (b) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record by counsel for the Party making the disclosure at the time of such disclosure, and in writing to adverse counsel anytime within 30 days after the deposition is transcribed and transmitted for review to identify the specific portions of the testimony (by page and line number) as to which protection is sought.

  (c) For items or information in some form other than documentary, and for any other tangible items, the Party designating the information shall affix in a prominent place on the exterior of the container, disk or other media in which the item or information is stored the legend "Confidential," or "Confidential, Subject to Protective Order," or some similar designation.

**(3)** **<u>Non-Party Production Material</u>**. Any non-party producing its own material ("Non-Party Material") pursuant to a subpoena or otherwise may also designate items as being Confidential Material at the time of production, and such designation will have the full effect given to such labels by this Protective Order. However, nothing herein shall be deemed to permit a non-party to review or obtain any documents or things designated as Confidential Material by any Party or other non-party in the absence of agreement of the Parties or a court order. Additionally, a Party may designate as "Confidential Information" any of its own information held by a non-party and being produced pursuant to a subpoena under the terms of Section (1) above.

**(4)** **<u>Inadvertent Failures to Designate Confidential Information</u>**. If timely corrected, an inadvertent failure to designate information or items as "CONFIDENTIAL" does not, standing alone, waive a Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially

produced, the Party in receipt of the information, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

Inadvertent failure to identify Disclosure or Discovery Material as Confidential Information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are followed. If a Party discovers that information should have been but was not designated as Confidential Information, that Party must notify all other Parties in writing within 7 days of such discovery, and must specify which Disclosure or Discovery Material or portions thereof, should be designated as "CONFIDENTIAL." In that event, within 7 days of notifying all other Parties, that Party must provide copies of the Protected Materials with the appropriate designation in accordance with this Protective Order. After receipt of such re-designated information, the Confidential Information shall be treated in accordance with the protections afforded under this Protective Order. The Party in receipt of the information shall have no liability, under this Protective Order or otherwise, for any disclosure of information contained in un-legended documents or things occurring before that Party was placed on notice of the producing Party's claims of confidentiality.

**(5)** **Procedure to Challenge Confidential Information Designations**. A Party or non-party challenging a "Confidential Information" designation shall use extrajudicial attempts as set forth in Fed. R. Civ. P. 37(a) by setting forth, in writing, the basis and supporting authorities for challenging the "Confidential Information" designation to the designating Party. The Designating Party has 10 days to respond to this challenge, in writing, providing the basis and supporting authorities for upholding the "Confidential Information" designation. If the Parties are unable to resolve the dispute informally within 30 days of the initial challenge, then the designating Party shall promptly file an appropriate motion

seeking a ruling from the Court regarding the propriety or impropriety of the "Confidential Information" designation but no later than 14 days after the impasse was reached or expiration of the 30 day period, otherwise the "Confidential Information" designation is waived. The designating party shall have the burden of proof. Each Party also has the right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced. No Party shall be obligated to immediately challenge the propriety of a confidential designation. Failure to do so shall not preclude a subsequent objection to the designation, or any motion to seek permission to disclose Confidential Information to persons not referred to in this Order.

**(6)** **Use of Confidential Information at Deposition or Pretrial**. Whenever any "Confidential Information" is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such testimony in which the "Confidential Information" is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such "Confidential Information," (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential – Subject to Protective Order," (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Protective Order.

**(7)** **Electronic Filing and Confidential Information**. A receiving Party may not file Confidential Information in the public record in this action without complying with Federal Rule of Civil Procedure 26(c) and Central District of California Local Rule 79-5 regarding lodging or filing material under seal. A Party may file documents under seal only for good cause and to the extent necessary to preserve legitimate confidentiality concerns. Should the Court deny the application to file documents under seal that which a party has attempted to

lodge or file pursuant to this Protective Order, the party's adherence to the Court's order may not be deemed a violation of this Protective Order.

**(8)** **<u>Persons Who May View Confidential Information</u>**. "Confidential Information" produced by a Party may be disclosed by the Parties hereto and their counsel only to the following persons:

(a) the Court and its personnel at any pretrial or post-trial stage of this action, provided that the Confidential Information has been filed in accordance with Federal Rule of Civil Procedure 26(c) and Central District of California Local Rule 79-5;

(b) the Parties and counsel for the Parties in this action who have entered an appearance in this action (including attorneys who are officers or employees of a Party and who are acting in a legal and not a business capacity with respect to this action) and paralegals, legal assistants, secretaries, or other staff of such counsel actually working on this action;

(c) any expert(s) or consultants consulted or retained to assist in the preparation of the case, or to testify, provided such expert agrees to be bound by this Protective Order;

(d) court reporters and their staff recording proceedings in this action;

(e) witnesses in preparing for or at the deposition, hearing, or trial, but only to the extent disclosure is reasonably necessary, and in no event shall a witness retain any Confidential Information or any copies thereof;

(f) persons employed or retained by an independent litigation support company assisting the attorneys referred to herein, including, but not limited to, jury consultants and document management companies;

(g) professional vendors to whom disclosure is reasonably necessary for purposes of this litigation;

(h) any person identified on the face of any such Confidential Information as an author or recipient thereof, or who is determined to have been an author and/or previous recipient of the Confidential Information, but who is not identified on the face thereof;

(i) any person whom Counsel for the Parties collectively agree should have access to such materials and who agrees to be bound by the terms of this Protective Order.

**(9) Acknowledgment and Agreement To Be Bound Prior To Disclosure**.

(a) Before any Confidential Information may be provided to any person identified in Section 7, subsections (d) – (i) above, he or she must execute the Acknowledgment and Agreement To Be Bound, which is attached hereto as Exhibit A.

(b) Counsel agree to maintain a file of all certifications (Exhibit A) required by this Order. The file containing the Acknowledgments And Agreements To Be Bound and the specific certifications therein shall not be available for review by opposing Counsel absent an agreement of the Parties or an order of the Court in this action determining that there is a good faith basis for the certifications, or any part of them, to be reviewed.

**(10) Duration of Protective Order**. This Protective Order shall apply through trial as more fully set forth as numbered paragraph (16) below, subject to the understanding that the Court will determine when the documents will be treated as public records when and if they are introduced in open court at trial and with the further understanding that any party may seek additional in-court protection or safeguards as to documents designated as Confidential.

**(11) Inadvertent Production of Privileged or Other Legally Protected Information**. The Parties acknowledge that inadvertent production of privileged matters shall not be deemed to be either (a) a general waiver of the attorney-client privilege, the work-product privilege or other similar privilege; or (b) a specific waiver of any such privilege with respect to any such matters. In the event that a Party inadvertently produces information that the Party considers to be subject to any privilege or other legal protection from disclosure, that Party shall give written or electronic notice to the receiving Party no later than 7 days after discovery by the producing Party of the inadvertent production of such information. Such written and electronic notice shall (a) identify the information;

and (b) state the nature of the privilege(s) or legal protection(s) asserted, provide the necessary details in order to allow the receiving Party to evaluate the claim of privilege. Upon receipt of such notice, any receiving Party that has received a copy of such information shall return it to the producing Party and shall destroy any other copies thereof, without waiver of the right to challenge the substantive label of privilege or other protection after receipt of an updated or supplemental privilege log for this information.

**(12)** **Procedure to Challenge Privilege or Other Legal Protection Designations**. If a Party in good faith disputes the producing Party's claim of privilege or other legal protection, (a) the receiving Party and producing Party shall promptly meet and confer to attempt to resolve the claim of privilege or protection, and (b) the receiving Party shall refrain from further use or disclosure of the document or its contents or part(s) of the document claimed to be privileged or legally protected until the dispute is resolved.

If the Parties cannot resolve their dispute regarding the privileged nature of any information, the procedures set forth in Fed. R. Civ. P. 37(a) apply.

**(13)** **Inadvertent Disclosure of Confidential Information to Non-Parties by Party in Receipt of Produced Confidential Information**. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or otherwise protected information to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Acknowledgment and Agreement To Be Bound.

**(14)** **Modification of Protective Order**. This Protective Order may be construed or modified by the Court, on application of any Party or on its own

initiative, to ensure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any "Confidential Information," except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties.

**(15)** **<u>No Waiver of Other Rights</u>**.  By agreeing to this stipulated Protective Order, no Party waives its attorney-client privilege or any other protections provided by federal or state law.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligations or right of any Party or person with respect to any "Confidential Information."  Nothing in this Protective Order shall be deemed a waiver of a producing Party's right to (a) oppose discovery on grounds other than that the discovery sought constitutes or contains Confidential Information, (b) seek further protection other than that which this Protective Order prescribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, or public proceeding in this matter, of any type or classification of material produced or disclosed pursuant to this Protective Order.  Nothing in this Protective Order shall limit the right of any person to seek judicial review, or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

Nothing in this Protective Order shall limit in any manner a Party's own use of any documents, deposition testimony, materials and/or other information produced by it and/or designated by it as Confidential, merely because such Confidential Information was produced and/or designated by it as Confidential, or because such Confidential Information was also produced and/or designated as Confidential by another Party.

Nothing in this Protective Order affects the rights of any Party with respect to its claims of ownership of or possession of any of the documents or information at issue in this lawsuit.

**(16) Return And/Or Disposal Of Confidential Information and Material**.

(a) After Final Termination Of The Litigation. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, including any appeals taken therefrom, and upon demand, each Receiving Party must destroy or return all Confidential Information or Material to the Producing Party (the choice of these at Receiving Party's option). Whether the Confidential Information or Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Information or Material.

(b) As used in this section, "all Confidential Information and Material" includes all copies, abstracts, compilations, summaries, and/or any other form of reproducing or capturing any of the Confidential Information or Material.

(c) Notwithstanding the provisions of this section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (including without limitation court transcripts and deposition transcripts), legal memoranda, correspondence, and/or attorney work product, even if such materials contain Confidential Information or Material. Any such archival copies that contain or constitute Confidential Information or Material remain subject to the terms of this Order.

**(17) Duration of Protective Order**. The provisions of this Protective Order shall continue to be binding upon all Parties and their counsel in this action until the conclusion of this action. The Court retains jurisdiction indefinitely with

respect to any dispute of the Parties regarding improper use of information disclosed in this Protective Order. Nothing in this Protective Order abridges the right of any person and/or entity to seek its modification by the Court at any time in the future. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

**IT IS SO ORDERED.**

Dated: January 16, 2014

_/s/ Andrew J. Wistrich_
Andrew J. Wistrich
Magistrate Judge of the U.S. District Court

16875379.2